366 A.2d 577

**Vincent CARDUCCI**

v.

**ALBRIGHT GALLERIES, INC., Appellant.**

Superior Court of Pennsylvania.

Argued November 24, 1975.

Decided March 29, 1976.

Rehearing Denied April 19, 1976.

David F. Weiner, Pittsburgh, for appellant.

William J. Ivill (submitted), Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from the order of the Court of Common Pleas of Allegheny County refusing to open a default judgment in an assumpsit action. The facts, as can best be discerned from the cryptic record before us, are as follows.

On October 29, 1974, the plaintiff-appellee, Vincent Carducci, filed a complaint in assumpsit alleging that the defendant-appellant, Albright Galleries, Inc., failed to compensate him for services rendered pursuant to an oral contract of employment. Howard Albright, president of the defendant corporation, was personally served with a copy of the complaint on November 6, 1974. No appearance or answer having been filed by the defendant, plaintiff took a default judgment on December 4, 1974. On that same day, notice of the default judgment was mailed to the defendant by the prothonotary. On January 27, 1975, the defendant filed a petition seeking to open the judgment. On February 28, 1975, plaintiff filed an answer to the defendant's petition to open. By opinion and order of May 7, 1975, the court below denied and dismissed defendant's petition. This appeal followed.

It is axiomatic that a petition to open a default judgment is addressed to the lower court's equitable powers, and the court's decision in this regard will not be disturbed in the absence of a clear abuse of discretion. *McCoy v. Public Acceptance Corporation,* 451 Pa. 495, 305 A.2d 698 (1973) ; *Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973) ; *Balk v. Ford Motor Company,* 446 Pa. 137, 285 A.2d 128 (1971) ; *Hersch v. Clapper,* 232 Pa.Super. 550, 335 A.2d 738 (1975). Furthermore, it is well settled that "[a] petition to open a default judgment should not be granted unless (1) the petition has been promptly filed, (2) the default can be reasonably excused and (3) a meritorious defense can be shown. *Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973) and *Wheel v. Park Building,* 412 Pa. 545, 195 A.2d 359 (1963)." *Ruczynski v. Jesray Construction Corp.,* 457 Pa. 510, 512, 326 A.2d 326, 328 (1974). Instantly, appellant has failed to satisfy two of the above requisite conditions and, therefore, the court below did not abuse its discretion in declining to open the judgment.

■ As previously mentioned, notice of the entry of the default judgment was mailed by the prothonotary to the appellant on December 4, 1974. Appellant's petition to open, however, was not filed until January 27, 1975; fifty-four days after the judgment. The appellant has offered no explanation for this delay. In *Pappas v. Stefan*, supra, the Supreme Court held that a fifty-five day delay in filing the petition to open was fatal. In *Texas & B. H. Fish & Game Club v. Bonnell Corp.*, 388 Pa. 198, 130 A.2d 508 (1957), the Court held that a petition filed twenty-seven days after notice of the default was untimely. More recently, we concluded that even a three-week delay was not sufficiently prompt. *Smith v. Tonon*, 231 Pa.Super. 539, 331 A.2d 662 (1975). In the case at bar, we hold that an unexplained delay of approximately fifty-four days renders appellant's petition untimely.

■ In addition, the appellant has not reasonably explained its failure to file an answer to the appellee's complaint. The president of the appellant corporation explains that when he read the complaint he observed the number 1018 January 1975 stamped on it and thought that he had until some time in January to file an answer. In other words, the appellant offers the mistake of its president as an excuse for its failure to timely defend the action. We believe this excuse is insufficient since it is not disputed that the complaint contained a notice to plead in proper form, and it is not alleged that the president of the appellant corporation was mentally deficient and therefore unable to comprehend the significance of the service. In *Kilgallen v. Kutna*, 226 Pa.Super. 323, 326, n. 5, 310 A.2d 396, 398 (1973) we stated that "mere ignorance or inexperience with the legal process is by itself an insufficient justification for a default," even where the defendant who failed to answer the complaint maintained he had only a sixth grade education. See also *Telles v. Rose-Tex, Inc.*, 233 Pa.Super. 181, 185–186,

335 A.2d 440 (1975). Thus, an experienced businessman cannot be permitted to assert this argument on behalf of his defendant corporation. *Telles v. Rose-Tex, Inc.*, supra, at 186, 335 A.2d 440.

■ Although we have concluded that the lower court did not abuse its discretion in refusing to open the default judgment, one other aspect of this case requires discussion. Appellant apparently contends that the lower court not only dismissed the petition to open on the merits but even declined, in the first instance, to issue a rule upon the plaintiff to show cause why the judgment should not be opened; and thus denied appellant the opportunity to take depositions in support of its petition. While we are of the opinion that this contention is devoid of merit, it is appropriate to note that "[u]nless the petition for a rule to show cause to open the judgment sets forth, clearly and specifically, sufficient facts to induce the chancellor to grant equitable relief, the court may in the exercise of its discretion refuse the issuance of a rule to show cause, and dismiss the petition without requiring that an answer be filed. *International Harvester Co. v. Miller*, 51 Pa.Super. 324 (1912)." *Liberty National Bank of Pittston v. Degillio*, 406 Pa. 127, 129, 176 A.2d 446, 448 (1962).

In the case at bar, the record reflects that the lower court did not refuse to issue a rule to show cause. The record discloses that not only did the appellee file an answer, but the lower court conducted additional proceedings on the matter.[1] Furthermore, appellant's confusion in this matter arose as a result of its own failure to attach to its petition a suggested order of court containing,

---

1. The fact that the lower court did not refuse to issue a rule to show cause is evidenced by its written opinion, and its final order which states, inter alia, that *"upon consideration of the Petition and Answer filed, arguments and authorities cited,* the Petition to Issue a Rule to Show Cause why the Judgment Entered Should Not Be Opened is herewith denied and dismissed." (Emphasis added.)

among other things, the requested rule to show cause.[2] Finally, we cannot refrain from noting that had appellant been genuinely confused about this procedural aspect of its case, it should have directed the lower court's attention to this matter and have it clearly noted on the record.

With respect to appellant's contention that it was not permitted to take depositions, we are again constrained to conclude that the record does not support this contention. Rule 209 of the Pennsylvania Rules of Civil Procedure provides the moving party with the right (assuming the existence of disputed issues of fact) to take depositions in support of his position within fifteen days following the filing and service of the answer. *Smith v. Dale*, 405 Pa. 293, 175 A.2d 78 (1961). Instantly, the appellee's answer was filed on February 28, 1975, and the hearing on the petition was not held until May 7, 1975. Nonetheless, there is no indication in the record of any attempt by appellant to take depositions. Nor is appellant's bald assertion that the lower court prohibited him from taking depositions supported by the record. Cf. *Smith v. Dale*, supra; and *Kilgallen v. Kutna*, supra. Rather, it simply appears that the failure to take depositions was occasioned by the appellant's own inaction.

The order of the court below is affirmed.

PRICE, J., dissents.

---

2. For a discussion of the procedures to be employed in seeking to open a judgment, see generally Burton R. Laub, 4 Pennsylvania Keystone, Opening And Striking Off Judgments (1964).