410 A.2d 313

Alfred TRONZO, Julia Tronzo and Teresa Tronzo

v.

EQUITABLE GAS COMPANY and Graziano Construction Company, Inc., a corporation.

Appeal of EQUITABLE GAS COMPANY.

Superior Court of Pennsylvania.

Argued April 10, 1979.

Filed Sept. 12, 1979.

James M. Burton, Pittsburgh, for appellant.

Howard F. Messer, Pittsburgh, for appellees.

Before VAN der VOORT, SPAETH and WATKINS, JJ.

SPAETH, Judge:

This is an appeal from an order denying appellant's petition for a rule to show cause why a default judgment should not be opened.

■ On March 15, 1978, appellees instituted an action in trespass against appellant, which was served on March 20, with notice to plead. On May 24, appellees entered default judgment.[1]

■ The court may, in the exercise of its discretion, refuse to issue a rule to show cause why equitable relief should not be granted where the petition for the rule fails to set forth clearly and specifically sufficient facts to warrant the relief. *Liberty National Bank of Pittstown v. DiGillio*, 406 Pa. 127, 176 A.2d 446 (1962); *Carducci v. Albright Galleries, Inc.*, 244 Pa.Super. 48, 366 A.2d 577 (1976). Here, the lower court denied appellant's petition on the ground that appellant had not averred a sufficient explanation for the failure to answer a requirement that is by now axiomatic. *Carducci v. Albright Galleries, Inc., supra.*[2]

■ Appellant's petition alleged:

8. Petitioner failed to respond . . . due to a corporate employee error by the aforesaid employee filing the Complaint in his desk, after undertaking investigation of the case.

* * * * * *

10. Petitioner avers that it was misled by the Complaint which named Graziano Construction Company, Inc.,

1. Appellees did not notify appellant of their intent to enter a default judgment. While the Rules do not require such notice, it is preferred practice and a factor in considering a petition to open. *Moyer v. Americana Mobile Homes, Inc.*, 244 Pa.Super. 441, 368 A.2d 802 (1976). We note, however, that this is not a case of "snap" judgment. *See Epstein v. Continental Bank & Trust Co.*, 260 Pa.Super. 522, 394 A.2d 1049 (1978).

2. The other requirement for opening a judgment in trespass—that the petition to open be promptly filed, *Ruczynski v. Jersey Construction Corp.*, 457 Pa. 510, 326 A.2d 326 (1974)—was apparently found to have been met, and is not at issue here.

as a co-defendant, since Graziano is not and was not either employed by Petitioner or responsible for any of the damages alleged.

In refusing to issue the rule, the lower court relied on paragraph 10: "it appearing that the reason advanced for the failure to answer is stated as a misjoinder of a defendant, thus, certainly not 'unintentional' and an 'omission', relying upon *Carducci v. Albright Galleries, Inc., [supra]* . . . ." Lower court opinion. Appellant argues that the lower court failed to take into account appellant's averment in paragraph 8 that employee error contributed to the failure to answer. Since the lower court did not refer to paragraph 8, we shall assume that it did not take the paragraph into account.[3] The question therefore becomes whether if the court had taken the paragraph into account, it would, or should, have issued the rule.

▮ In deciding whether mistake, oversight or omission constitutes sufficient reason to open a judgment, the cases have reached a daunting array of results on often similar facts.[4] Probably this may be ascribed to the relatively even strength of the competing interests. On the one hand, as we said in *Moyer v. Americana Mobile Homes, Inc.*, 244 Pa.Super. 441, 368 A.2d 802 (1976):

> The purpose of the rules in authorizing the entry of default judgments is to prevent a dilatory defendant from impeding the plaintiff in establishing his claim. The rules are not primarily intended to provide the plaintiff with a

---

**3.** The court's citation to *Carducci, supra*, is unclear, but suggests to us that the lower court would have denied the petition nonetheless.

**4.** *Compare, Tice v. Nationwide Life Ins. Co.*, 253 Pa.Super. 118, 384 A.2d 1257 (1978) (counsel's oversight, owing to busy schedule, held, insufficient to explain failure to answer interrogatories) *with Johnson v. Yellow Cab Co.*, 226 Pa.Super. 270, 307 A.2d 423 (1973) (new counsel mistakenly assumed interrogatories had been filed; held, sufficient); *and MacClain v. Penn Fruit, Inc.*, 241 Pa.Super. 303, 361 A.2d 403 (1976) ("mix-up" in failing to forward papers to corporate headquarters, held, insufficient) *with Maruccio v. Houdaille Industries, Inc.*, 254 Pa.Super. 560, 386 A.2d 91 (1978) (papers mistakenly forwarded to school district solicitor, rather than to insurance carrier; held, sufficient).

means of gaining a judgment without the difficulties which arise from litigation. . . .

*Id.*, 244 Pa.Super. at 445, 368 A.2d at 804.

On the other hand, we have recognized, in a case involving a judgment of non pros entered because of attorney negligence, that

[t]here must be some point at which our courts must refuse to accept an attorney's negligent representation of his client when it interferes with the orderly administration of justice.

*Dupree v. Lee*, 241 Pa.Super. 259, 361 A.2d 331 (1976).

■ Some of the cases contain language to the effect that certain omissions will be accepted on appeal if the lower court condoned them, but not if the lower court rejected them. *See, St. Vladimir Ukrainian Orthodox Church v. Preferred Risk Mutual Insurance Co.*, 239 Pa.Super. 492, 501, 362 A.2d 1052, 1057 (1976). However, such a practice cannot but result in a great deal of arbitrariness of result. Indeed, a close reading of the traditional test for opening judgments indicates that the reasonable explanation for the default must be shown *before* the lower court decides how it should exercise its discretion. *St. Joe Paper Co. v. Marc Box Co., Inc.*, 260 Pa.Super. 515, 517, 394 A.2d 1045, 1046 (1978).

Other cases have emphasized the detail in which the explanation of oversight was offered. Thus, in *MacClain v. Penn Fruit, Inc., supra,* we emphasized that a moving party must reasonably explain or justify his failure to appear or answer, and that mere allegations of negligence or mistake will not suffice. Certainly, without a thorough explanation of the mistake, relief will be denied; but such an explanation may not by itself be a sufficient basis for granting relief, for it may not separate those cases in which we should be sympathetic to the mistake from those in which the mistake is too careless to be condoned no matter how thoroughly it is explained.

In *Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 403 A.2d 577 (1979), this court reviewed the cases and

distinguished between unacceptable and acceptable mistakes. On the one hand, it was said, unacceptable mistakes involve attorney carelessness or dilatoriness, a failure to act by one who knows its implications, or a deliberate decision not to defend. On the other hand, it was said, acceptable mistakes involve the misplacement or mishandling of papers through no fault of appellant or its attorney, or clerical oversight resulting in an attorney's being unaware of the suit from the outset.[5]

■ Applying the above discussion to the facts at hand, we find that appellant's petition was deficient. Although appellant attempted to excuse its default by saying that it was "misled" by the joinder of a co-defendant, we do not see how this could have affected appellant's understanding of its duty to answer the complaint in its own behalf. Thus, appellant's petition comes down to a mere allegation of carelessness, without more, which is inadequate under *MacClain v. Penn Fruit Inc., supra.* Furthermore, when appellant's employee put the papers in his desk and forgot about them, this omission constituted a failure to act by one who knows its implications, *Shainline v. Alberti Builders, Inc., supra,* for the letter accompanying the court papers sent to the employee stated:

The answer to this Complaint must be filed on or before *April 14, 1978* so I would appreciate a prompt response to this inquiry.[6]

Petition, exhibit "A" (emphasis in original).

For these reasons we conclude that if the lower court had taken into account paragraph 8 of appellant's petition, still it

5. To this list of acceptable mistakes may be added the existence of a reasonable misunderstanding. *Ashton v. Ashton,* 257 Pa.Super. 134, 390 A.2d 282 (1978) (petitioner understood she could wait until respondent's counsel withdrew before other action was necessary); *Alexander v. Jesray Construction Co.,* 237 Pa.Super. 99, 346 A.2d 566 (1975) (misunderstanding about when respondent required an answer).

6. Indeed, the employee's superior, in noting that there was a deadline but failing to oversee the preparation of the answer, arguably was a second person who failed to act while knowing the implications.

should not have issued a rule to show cause why the judgment should not be opened.[7]

Affirmed.

7. It should be noted that for some time now the legal community has been on notice that counsel's negligence will not be an acceptable excuse for a default. In the *Pennsylvania Bar Association Quarterly*, July 1977, it was noted:

This year more than 20 appellate decisions refusing to open indicate that the court will not accept attorney negligence as a ground for opening . . . .

The court indicated that even "snap" judgments will not be automatically opened. *Nevils v. Chernitzsky*, 244 Pa.Super. 501, 368 A.2d 1297 (1976).

*Id.* at 360.

There is no reason why carelessness by a defendant himself, in cases such as this where the defendant and his employee knew of the duty to answer, should be viewed any more leniently. See *St. Joe Paper Co. v. Marc Box Co., Inc., supra.*