420 A.2d 1123

Mabel CRUSE

v.

Robert WOODS and National Council Junior Order.

Appeal of Robert WOODS (two cases).

Jay C. LONG and Naomi Long, his wife

v.

Robert WOODS and National Council Junior Order.

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed June 27, 1980.

244

Alan Frank, Pittsburgh, submitted a brief on behalf of appellant.

J. Lawrence McBride, Pittsburgh, for appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

CERCONE, President Judge:

This is an appeal from the order of the lower court denying appellant's motion to open a default judgment entered against him. We reverse the order of the lower court.

The relevant facts are as follows: The cases involved in these appeals were begun by two separate complaints in equity seeking an adjudication of title to real properties that had been purchased under installment purchase agreements. The home buyers, Mabel Cruse and Jay and Naomi Long had originally signed the installment purchase agreements with Robert Woods, appellant, and payments had initially been made to appellant. Payments were then made to the National Council Junior Order, appellee, after Junior Order claimed ownership of these properties. A dispute arose between the two and payments were finally made into an escrow account.

On November 22, 1977, Mr. Woods and National Council entered into a consent agreement that became a consent order signed by the lower court. The salient paragraph of that order reads:

"... Junior Order will file a Petition to Withdraw Escrowed Funds, same to be treated in the nature of a complaint in assumpsit and defendant Woods shall plead to said petition in the nature of an answer to complaint in assumpsit."

On January 8, 1978, National Council filed such a petition to withdraw the escrow funds, but did not endorse it with a Notice to Plead. On January 10, appellee filed a Praecipe for Endorsement of Petition in order to add a notice to plead

to the petition. On January 26, 1978, appellant filed preliminary objections to the petition which were dismissed. Appellant appealed from this order of the lower court, but discontinued his appeal on October 1, 1978.

On January 9, 1979, National Council obtained a default judgment against appellant for his failure to file an answer to the petition to withdraw escrow funds. Mr. Woods filed a petition to open on January 15, 1979, which was denied after a hearing. On appeal, appellant raises one issue for our review: Whether a default judgment may be opened, despite the failure to file a responsive pleading, when the prior pleading did not begin with a Notice to Plead.

Initially, we note that a default judgment in an assumpsit action will not be opened unless (1) the petition was promptly filed; (2) the petitioner's failure to respond was excusable; and (3) a meritorious defense can be shown. *See Maruccio v. Houdaille, Inc.*, 254 Pa.Super. 560, 386 A.2d 91 (1978); *Ecumenical Enterprises, Inc. v. Nadco Constr., Inc.*, 253 Pa.Super. 386, 385 A.2d 392 (1978). The granting or denying of such a petition rests within the sound discretion of the trial court and will not be reversed absent a manifest abuse of that discretion. *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973); *St. Joe Paper Co. v. Marc Box Co.*, 260 Pa.Super. 515, 394 A.2d. 1045 (1978).

Appellant's major contention is that Pa.R.C.P. 1026[1] requires that every pleading must have a Notice to Plead or defend upon it before an answer need be filed. This rule requires strict compliance. In, for example, *Slaughter v. Gruntz*, 227 Pa.Super. 164, 323 A.2d 152 (1974), a complaint in assumpsit was filed which contained a Notice to Plead. However, the notice did not contain the words "or a Default Judgment may be entered against you." The Superior

1. This Rule provides:
   "Every pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead."

Court held this was not substantial compliance with Pa.R. C.P. 1361 which requires that these essential words appear in the Notice to Plead, and granted the petition to strike the default judgment entered against appellant.

In the instant case, the facts reveal a more blatant violation of the rules of procedure. The petition to withdraw the escrow funds was not preceded by a Notice to Plead of any type. Although the consent order stated that the petition was to be treated as a complaint in assumpsit, it did not say the petition could obviate the rules of procedure, nor did it give a time in which appellant need file a responsive pleading.

■ Despite this defect, appellant, in fact, treated the petition as a complaint and preliminarily objected to it. After the preliminary objections were dismissed, Pa.R.C.P. 1028(d)[2] provides that appellant then had the right to plead over within 20 days or within a particular time set by the court. We especially note that the rule states "shall have the right" and does not itself require a responsive pleading. Where the obligation to file an answer does not otherwise exist, Rule 1028(d) does not create one.[3] Under such circumstances a default judgment may not be entered for failure to file a responsive pleading. *Slaughter v. Gruntz*, 227 Pa.Super. at 166, 323 A.2d at 153.

■ The above discussion shows the second prong of the test for opening a default judgment, i. e., that appellant had an excuse for not responding, has been met. We also find that appellant's petition to open was promptly filed since it

2. The text of this Rule provides:
    "If the preliminary objections are overruled, the objecting party shall have the right to plead over within twenty (20) days after notice of the order or within such other time as the court shall fix."

3. Under Pa.R.C.P. 1029(d), where no responsive pleading is required, the averments are deemed denied and are, therefore, at issue. This Rule reads:
    "Averments in a pleading to which no responsive pleading is required shall be deemed to be denied."

was filed six days after the entry of judgment.[4]  Finally, appellant set forth a meritorious defense in the answer and counterclaim filed with the court in response to the petition to withdraw escrow funds, even though it was filed after the entry of the default judgment.  Thus, since all three criteria for opening the default judgment were met, the lower court abused its discretion by failing to open the judgment, and we must reverse.

Order of the lower court reversed and case remanded for further proceedings.

4.  We also note that appellant received no notice that appellee intended to file a default judgment.  Although this was not an absolute prerequisite to obtaining a default judgment at the times relevant in this proceeding, our court has repeatedly advocated that such notice is the better practice.  *Brooks v. Surman Dental Lab, Inc.*, 262 Pa.Super. 369, 396 A.2d 799 (1979); *Silverman v. Polis*, 230 Pa.Super. 366, 326 A.2d 452 (1974).  That preferred practice has now been formalized as a rule of procedure.  See Pa.R.C.P. 237.1, eff. February 1, 1980.