425 A.2d 447

**SHARON HILL CONTRACTING COMPANY, Appellant,**

**v.**

**RECREATIONAL EQUIPMENT UNLIMITED, INC.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed Jan. 16, 1981.

Reed J. Davis, Pittsburgh, for appellant.

Bernard D. Marcus, Pittsburgh, for appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

LIPEZ, Judge:

Plaintiff Sharon Hill Contracting Company (Sharon Hill) took a $330.90 default judgment against defendant Recreational Equipment Unlimited, Inc. (Recreational) on July 11, 1978, because Recreational had neither entered an appearance nor filed a "NOTICE OF INTENTION TO APPEAR" in response to Sharon Hill's short form complaint in assumpsit,[1] which had been served on Recreational's controller and general manager, Mr. Schwarz, on June 19, 1978. On July 13, 1978 Mr. Schwarz received notice of entry of the default judgment, and the next day he filed a handwritten petition to open judgment, which he had prepared and signed himself on behalf of Recreational. This petition was dismissed by the court below on July 21, 1978, on the ground that Mr. Schwarz was not an attorney and therefore could not represent the corporate defendant, Recreational, in court.[2] The dismissal order allowed Recreational five days to file an amended petition to open by its attorney, who did file such a petition on July 26, 1978. The court below issued a rule on Sharon Hill to show cause why the judgment should not be opened.[3] Sharon Hill filed an answer to the petition to open judgment, and obtained a rule on Recreational to proceed to take depositions under Pennsylvania Rule of Civil Procedure 209. Recreational took the deposition of its own manager, Mr. Schwarz, who was also cross-examined by Sharon Hill's

---

1. This proceeding was brought under the small claim procedure set forth in Allegheny County Local Rule 1019.2.

2. See *Industrial Valley Bank and Trust Company v. Miller Realty Development Company, Inc.*, 44 Pa.D. & C.2d 207 (C.P. Clinton Co. 1968); 7 Goodrich-Amram 2d, § 2177.1 (1977).

3. By the time the court below issued its rule to show cause, Sharon Hill had already executed on the default judgment by garnishing funds belonging to Recreational in the hands of Mellon Bank, N.A. In its show cause order, the court below struck the execution and ordered the funds paid into court.

counsel. After argument and filing of memoranda by both parties, the court below opened the judgment in an order from which Sharon Hill has taken this appeal.[4] We reverse.

 "[A] default judgment in an assumpsit action will not be opened unless (1) the petition was promptly filed; (2) the petitioner's failure to respond was excusable; and (3) a meritorious defense can be shown." *Cruse v. Woods,* 279 Pa.Super. 242, 245, 420 A.2d 1123, 1124 (1980) (citations omitted). In this appeal, Sharon Hill claims that Recreational did not meet any of the three requirements. Because we conclude that Recreational failed to meet the second requirement, we reverse without considering whether the first and third were met.

The excuse offered by Recreational for its failure to enter an appearance or return the notice of intention to appear was that Mr. Schwarz saw the hearing date ("SEP 28 1978") on the "NOTICE OF INTENTION TO APPEAR" form, and thought that it would be sufficient to appear on that date without taking further action. In his deposition, Mr. Schwarz testified that he did not read the "NOTICE TO DEFEND"[5] printed in bold face just below the hearing date

---

**4.** The appeal was taken on February 23, 1979. Despite the apparently interlocutory nature of an order opening a judgment, it was made appealable at that time under the Act of May 20, 1891, P.L. 101, No. 76, § 1, 12 P.S. § 1100. Repeal of that statute was effective June 27, 1980, by which time it had been superseded by new Pennsylvania Rule of Appellate Procedure 311(a)(1), effective April 22, 1979, 8 Pa.Bull. 3636 (1978).

**5.** The "NOTICE TO DEFEND" stated:
 You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET

on the complaint and that he did not see the "NOTICE TO DEFEND," because the manifold copies of the "NOTICE OF INTENTION TO APPEAR" form were stapled onto the top of the complaint, covering the "NOTICE TO DEFEND." We have reviewed the original copies of the papers served on Mr. Schwarz,[6] and find that it is true that the copies of the "NOTICE OF INTENTION TO APPEAR" form must be lifted in order to see the portion of the one-page complaint in which the "NOTICE TO DEFEND" is included. However, Mr. Schwarz also testified that he discussed the allegations of the complaint with Recreational's president, and that they determined that the complaint was meritless, but the amount involved did not warrant hiring an attorney. On the complaint, the "NOTICE TO DEFEND" appears immediately above the complaint's allegations.

On the lower left side of the complaint, surrounded by a black border, there appears another notice as follows:

NOTICE: You are hereby notified to return "NOTICE OF INTENTION TO APPEAR" within twenty days (20) from service hereof or a default judgment or an award may be entered against you.

Mr. Schwarz said he did not read this notice, even though it appeared on the complaint just below the allegations which he discussed with Recreational's president.

Mr. Schwarz also testified that he did see the "NOTICE OF HEARING" form, which stated:

A Lawsuit has been entered against you. Attached is a copy of the suit papers. You are requested to appear for

FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

LAWYER REFERRAL SERVICE—The Allegheny County Bar Association
920 City-County Building
Pittsburgh, Pennsylvania 15219
Telephone: 412–261–0518

6. The papers served on Mr. Schwarz were attached as Exhibit A to the amended petition to open judgment filed with the lower court, thus becoming part of the record certified to this court. *See* Pa.R. A.P. 1921. In his deposition, Mr. Schwarz testified that no staples had been removed, and the papers were fastened in the same way when they were made an exhibit as when he had been served with them.

a hearing on this claim on SEP 28 1978, at 9:00 AM o'clock, in Room 523, Court House, Pittsburgh, Pennsylvania. IF YOU INTEND TO APPEAR at the hearing and defend against this claim, YOU MUST complete and detach two of the copies of the "Notice of Intention to Appear" at the top of this page. One completed copy of the "Notice of Intention to Appeal" must be filed or mailed by Certified or Registered Mail to the Prothonotary's Office, Room 504, Court House, Pittsburgh, Pa. 15219 and the other completed copy must be mailed to: _____ within 20 days from the date that you receive these papers. IF YOU DO NOT thus file or mail the "Notice of Intention to Appear," OR IF YOU properly file or mail it but DO NOT APPEAR at the above time and place for the hearing, A JUDGMENT OR AN AWARD FOR THE AMOUNT OF THE CLAIM MAY BE ENTERED AGAINST YOU.

Mr. Schwarz said that he started to read this form, but stopped reading at the end of the third sentence, which gave the date, time and place for the hearing. He did not read anything which followed.

In *Carducci v. Albright Galleries, Inc.*, 244 Pa.Super. 48, 51, 366 A.2d 577, 579 (1976), *reh'g den'd*, Judge (now President Judge) Cercone discussed a similar excuse offered in a petition to open a default judgment:

The president of the appellant corporation explains that when he read the complaint he observed the number 1018 January 1975 stamped on it and thought that he had until some time in January to file an answer. In other words, the appellant offers the mistake of its president as an excuse for its failure to timely defend the action. We believe this excuse is insufficient since it is not disputed that the complaint contained a notice to plead in proper form, and it is not alleged that the president of the appellant corporation was mentally deficient and therefore unable to comprehend the significance of the service. In *Kilgallen v. Kutna*, 226 Pa.Super. 323, 326 n. 5, 310 A.2d 396, 398 n. 5 (1973) we stated that "mere ignorance

or inexperience with the legal process is by itself an insufficient justification for a default," even where the defendant who failed to answer the complaint maintained he had only a sixth grade education. See also *Telles v. Rose-Tex, Inc.*, 233 Pa.Super. 181, 185–186, 335 A.2d 440, 443 (1975). Thus, an experienced businessman cannot be permitted to assert this argument on behalf of his defendant corporation. *Telles v. Rose-Tex, Inc.*, supra, 233 Pa. Super. at 186, 335 A.2d 440.

Like the corporation president in *Carducci*, Mr. Schwarz was an experienced and knowledgeable businessman. According to his deposition, he was the controller and general manager of the defendant corporation, and had both a bachelor's degree in accounting and a master's degree in business administration. While we recognize that a mistake resulting from a reasonable misunderstanding can be acceptable as an excuse for failure to respond to a complaint, *see Tronzo v. Equitable Gas Company*, 269 Pa.Super. 392, 397 & n. 5, 410 A.2d 313, 315 & n. 5 (1979), we find it unreasonable for a person of Mr. Schwarz's background to have failed to see three clear, prominently displayed notices in close proximity to the material which he testified he did see.

■ In reversing the lower court's order granting the petition to open the default judgment, we are not unmindful of the principle that "[t]he granting or denial of such a petition rests within the sound discretion of the trial court and will not be reversed absent a manifest abuse of that discretion." *Cruse v. Woods, supra.* However, we do not believe that *Carducci v. Albright Galleries, Inc., supra,* can be distinguished on the ground that there the lower court rejected the excuse, whereas here the court below accepted the excuse and opened the judgment. As Judge Spaeth explained in an excellent opinion reconciling some of the confusing case law in this area:

Some of the cases contain language to the effect that certain omissions will be accepted on appeal if the lower court condoned them, but not if the lower court rejected them. *See, Vladimir Ukrainian Orthodox Church v. Pre-*

ferred *Mutual Insurance Co.*, 239 Pa.Super. 492, 501, 362 A.2d 1052, 1057 (1976). However, such a practice cannot but result in a great deal of arbitrariness of result. Indeed, a close reading of the traditional test for opening judgments indicates that the reasonable explanation for the default must be shown before the lower court decides how it should exercise its discretion. *St. Joe Paper Co. v. Marc Box Co., Inc.*, 260 Pa.Super. 515, 517, 394 A.2d 1045, 1046 (1978).

*Tronzo v. Equitable Gas Company, supra*, 269 Pa.Super. at 396, 410 A.2d at 315. We find no such reasonable explanation here.

Order reversed and judgment reinstated.