## Gennaro Asphalt Inc. v. Zarlengo Brothers

*Frank G. Verterano,* for plaintiff.
*Norman J. Barilla,* for defendant.

BALPH, *J.,* December 24, 1981—Defendant's motion to strike off judgment is predicated upon claimed non compliance by plaintiff with Pa.R.C.P. 237.1.

1. Requirement for granting motion to strike:

The defect or irregularity appears on the fact of the record. Non compliance with Pa.R.C.P. 237.1 relating to certification of 10-day written notice would constitute such a defect.

2. Chronology of case:

June 23, 1980—Complaint filed and served on defendant

July 16, 1980—Mailed notice of default to defendant

July 18, 1980—Defendant filed preliminary objections

September 8, 1980—Defendant withdrew preliminary objections

September 28, 1980—Date defendant's answer to the complaint was due in order to comply with court order*

September 30, 1980—Default judgment entered by prothonotary upon praecipe by plaintiff

October 14, 1980—Defendant filed motion to strike judgment by default

3. P.A.R.C.P. no. 237.1(a):

The rule requires the praecipe for entry of judgment by default to include certification that written notice of intention to file the praecipe was mailed to the party against whom the judgment is sought and his attorney of record, if he has one, at a time after the default but at least 10 days before the praecipe is filed.

4. There are three exceptions to the notice requirement set forth in 237.1:

(a) 237.1(a)—deals with written agreements for extension of time—not applicable here

(b) 237.1(b)(1)—where judgment is entered pursuant to an order of court or rule to show cause

(c) 237.1(b)(2)—actions subject to residential mortgage statute

5. Guidelines to interpretation of rule:

This is a relatively recent addition to Pennsylvania practice requirements, although

---

*At no time after defendant's default by failure to answer the complaint by September 28, 1980 did plaintiff give notice of intent to file a praecipe for entry of judgment by default.

courts have long encouraged parties to give notice before seeking judgment by default. There are no cases reported construing and applying the rule, which was adopted December 14, 1979 and became effective February 1, 1980. The only available guidelines for construction, therefore, are contained in the explanatory note following the rule.

6. In the instant case, counsel for plaintiff was required by Pa.R.C.P. no. 237.1 to give 10-day prior notice to defendant and his attorney before filing the praecipe for judgment by default. Failure to do so means that the certification that written notice had been given, as mandated by the rule, was not and indeed could not be included. This constitutes a fatal defect apparent on the face of the record; the judgment entered for plaintiff should be stricken.

7. Discussion:

Plaintiff argues that this case should come under the exception set forth in 237.1(b)(1) [see above 4b], which exempts judgments entered pursuant to an order of court from the advance notice requirement. We do not think that subsection applies to the case at bar.

It is important to distinguish between judgments entered by the order of court and judgments occasioned by violation of a court order.

In defining the scope of Rule 237.1, the explanatory note lists a number of situations in which the party moving for a default judgment in their favor may dispense with the ten-day notice requirement. They include judgments of non pros (when an action is commenced by writ of summons and pursuant to Pa.R.C.P. 1037(a), defendant enters a rule requiring plaintiff to file a complaint in 20 days and plaintiff fails to comply); dismissal of inactive cases by the court after notice; and

sanctions imposed by the court under the discovery rules (Pa.R.C.P. no. 4019). The comment also specifically exempts from the notice requirements dismissals under Pa.R.C.P. no. 1037(c), where the court, on motion of a party, may enter an appropriate judgment upon default or admission. In all of the above situations, the advance notice has been dispensed with when the judgment itself has been entered by the court or specifically authorized by rule.

In the case at bar, judgment was entered by the prothonotary on praecipe by a party, not by the court or pursuant to specific rule, and for that reason is distinguishable from those exceptional situations where notice of intent to seek judgment by default is not required.

On September 8, 1980, this court issued an order granting defendant permission to withdraw his preliminary objections and further stated that "the Defendant is hereby Ordered to file an answer to Plaintiff's complaint in assumpsit within twenty (20) days from the date hereof." Defendant had until September 28, 1980 to file the next pleading, and its failure to act placed it in default of the court order. Plaintiff two days later filed a praecipe for judgment without Rule 237.1 compliance.

These circumstances are more closely analagous to Pa.R.C.P. no. 1037(b) which authorized the prothonotary, on praecipe of plaintiff, to enter judgment against defendant for failure to file within the required time to answer to a complaint which contains a notice to defend. The comment following Rule 237.1 specifically applies the prior notice requirement to default judgments taken under Rule 1037(b).

Plaintiff in its brief claims that the notice of intent to take a default judgment served on

defendant July 16, 1980, meets the notice requirements of Rule 237.1. However, plaintiff's praecipe for judgment filed September 30, 1980, cites defendant's non compliance with a court order of September 8, 1980, directing defendant to answer the complaint, as a ground for seeking judgment by default. However, it must be remembered defendant did respond to the July 16 notice by filing objections. Furthermore, since notice is not effective until after the default has occurred, how can notice served before the order it relates to is even issued be valid?

Defendant's contentions related to snap judgments and professional courtesy and local custom are irrelevant, but in any event they are rendered moot by the Supreme Court's express incorporation of the notice prior to default into the Rules of Court. See Main Line Abstract Co. v. Penn Title Insurance Co., 282 Pa. Superior Ct. 545, 423 A. 2d 379 (1980); Cruse v. Woods, 279 Pa. Superior Ct. 242, 420 A. 2d 1123 (1980).

In Cruse v. Woods, supra, the court noted that defendant received no notice of plaintiff's intent to file a default judgment although this was not required at the time relevant to the case. The court advocated advance notice as the better practice. "That preferred practice is now formalized as rule of procedure." Pa.R.C.P. no. 237.1, 420 A. 2d at 1125, n. 4.

Based upon the foregoing, the intent of the rule and explanatory comments thereto, we conclude that this case is governed by the ten-day notice requirement imposed by the new Pa.R.C.P. 237.1. Because such notice was not served, no certification that written notice to defendant of intention to file the praecipe for judgment by default could be made. This is a fatal defect,

apparent on the face of the record, requiring us to strike the judgment entered against defendant on September 30, 1980.

## ORDER

Now, December 24, 1981, for the reasons set forth in the opinion accompanying this order the judgment entered upon praecipe of plaintiff on September 30, 1980 at no. 1339-1980, D.S.B. is hereby ordered stricken. It is further ordered and decreed that defendant shall file its answer to plaintiff's complaint within 15 days of the date of this order and upon failure to do so, the prothonotary is authorized to enter a default judgment upon praecipe filed by plaintiff without compliance by plaintiff with Pa.R.C.P. 237.1.