439 A.2d 174

**Neil R. BAHR, trading as Bahr Brothers, Appellant,**

v.

**Wanda PASKY.**

Superior Court of Pennsylvania.

Argued Jan. 14, 1981.

Filed Dec. 29, 1981.

Leonard A. Costa, Jr., Pittsburgh, for appellant.

Jon L. Friedman, Pittsburgh, for appellee.

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

SPAETH, Judge:

This is an appeal from an order opening a default judgment, entered for failure to file a responsive pleading. The lower court found this failure excusable. We disagree, and therefore reverse.

On November 21, 1978, appellants instituted an action in assumpsit against appellee to recover the balance alleged to be due for roofing and contracting work performed on appellee's home. On January 15, 1979, appellants took a default judgment against appellee because she had failed to answer or otherwise respond to the complaint. On January 23, 1979, appellee filed a Petition for Rule to Show Cause Why the Judgment Should Not Be Opened and Defendant Let Into a Defense. On February 5, appellants filed an answer to the petition. After depositions, the lower court, on April 28, filed an order opening the judgment.

An order opening a default judgment is an exercise of the court's equity powers, and it will not be disturbed on appeal unless it represents an abuse of discretion. *Hutchison v. Hutchison*, 492 Pa. 118, 422 A.2d 501 (1980). A petition asking the court to open a default judgment in an assumpsit action should not be granted unless (1) the petition was promptly filed; (2) the petitioner's failure to respond was excusable; and (3) the petitioner has a meritori-

ous defense. *Carson Pirie Scott & Co. v. Phillips*, 290 Pa.Superior Ct. 353, 434 A.2d 790 (1981); *American Vending Co. v. Brewington*, 289 Pa.Superior Ct. 25, 432 A.2d 1032 (1981); *Horan v. R. S. Cook & Associates, Inc.*, 287 Pa.Superior Ct. 265, 430 A.2d 278 (1981); *Cruse v. Woods*, 279 Pa.Superior Ct. 242, 420 A.2d 1123 (1980). On this appeal, appellant claims that appellee did not meet the second of these requirements. We agree.

In her petition to open, appellee said that "because of her inexperience with legal matters and because of her illness, she did not notice the direction appearing at the bottom of the Complaint 'Notice of Intention to Appear.'" Petition, para. 5. The direction thus referred to as appearing at the bottom of the complaint read:

> NOTICE: You are hereby notified to return "NOTICE OF INTENTION TO APPEAR" within twenty (20) days from service hereof or a default judgment or an award may be entered against you.

Attached to the complaint, on the top, were copies of two forms, one entitled "Notice of Hearing," and the other entitled "Notice of Intention To Appear." The "Notice of Hearing" form read:

> TO THE DEFENDANT: Case No. 9399 1978
>
> A Lawsuit has been entered against you. Attached is a copy of the suit papers. You are requested to appear for a hearing on this claim on Feb. 6, 1979 at 9 AM o'clock, in Room 523, Court House, Pittsburgh, Pennsylvania. IF YOU INTEND TO APPEAR at the hearing and defend against this claim, YOU MUST complete and detach two of the copies of the "Notice of Intention To Appear" at the top of this page. One completed copy of the "Notice of Intention To Appear" must be filed or mailed by Certified or Registered Mail to the Prothonotary's Office, Room 504 Courthouse, Pittsburgh, Pa. 15219 and the other completed copy must be mailed to:
>
> Leonard A. Costa, Jr., Esquire
> 826 Frick Building
> Pittsburgh, Pennsylvania 15219,

within 20 days from the date that you receive these papers.

IF YOU DO NOT thus file or mail the "Notice of Intention To Appear," OR IF YOU properly file or mail it but DO NOT APPEAR at the above time and place for the hearing, A JUDGMENT OR AN AWARD FOR THE AMOUNT OF THE CLAIM MAY BE ENTERED AGAINST YOU.

The "Notice of Intention To Appear" form was addressed "To The Plaintiff or The Plaintiff's Attorney," and was to be signed by "Defendant or Defendant's Attorney." It stated:

> I intend to appear at the hearing scheduled for the above date and defend against the claim made against me. I do not owe this claim for the following reasons: [there then followed a lined spaced to be filled in].

When asked whether she had read these forms, appellee replied:

> All I saw was February 6th [the hearing date]. Since I felt bad, I figured that's a long way off. I'm going to put this aside until I feel better. I didn't read the rest of the pages.
>
> Deposition 3/27/79, N. T. 7.

Included among "the rest of the pages" was the complaint itself and a "Notice of Suit." Immediately below the caption of the complaint was printed the following "Notice to Defend."

NOTICE TO DEFEND

> You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may

be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL SERVICE—The Allegheny County Bar Association—920 City-County Building, Pittsburgh, Pennsylvania 15219—Telephone 412–261–0518.

When asked about these papers, appellee replied:

Q: When you received these papers from the sheriff, that would be the papers that were described as Deposition Exhibit 1—did you read anything other than the first sheet?

A: No.

Q: Were they attached by a staple in the same order that they are in?

A: I believe so.

Q: I would like to call your attention to the second page, the language under the heading "Notice to Defend." Had you looked at that at all?

A: No.

Q: You hadn't looked at that?

A: No.

Q: Had you read the Complaint?

A: No.

Q: Can you tell me whether or not you read the third sheet of paper entitled "Notice of Suit?"

A: No.

Q: So, the only thing you looked at was the first page?

A: And the date on the first page. I didn't read the first page. I just saw the date and I set it aside.

Deposition 3/27/79, N. T. 37–38.

In its order opening judgment, the lower court stated that it was relying on its opinion in *Sharon Hill Contracting Co. v. Recreation Equipment Unlimited*, No. 78–4508, Common Pleas Court of Allegheny County. In its subsequent opinion, the court expanded on this statement:

> The mistake which defendant made in this case frequently occurs. Within the past two years, numerous cases have come before this member of the Court in which defendants have failed to file a notice of intention to appear because they believed that they could defend by merely appearing on the hearing date listed on the Notice of Hearing. In such cases, it has been the practice of this member of the Court to open the default judgment upon the prompt filing of a proper petition to open unless it appeared that the defendant had intentionally ignored the requirement that a notice of intention to appear be filed in order to present a defense.
>
> Slip op. at 2–3.

This practice, however, was recently disapproved when we reversed *Sharon Hill Contracting Co. v. Recreation Equipment Unlimited*, 284 Pa.Superior Ct. 118, 425 A.2d 447 (1981). The excuse offered in *Sharon Hill* was almost identical to that offered here, and concerned the same forms used by the Common Pleas Court of Allegheny County. Although the forms clearly stated that notice must be filed within twenty days, the appellee in *Sharon Hill* "stopped reading at the end of the third sentence, which gave the date, time and place for the hearing." *Id.*, 284 Pa.Super. at 123, 425 A.2d at 450. In reversing the lower court's opening the default judgment, we said that the business background and education of the appellee made it "unreasonable" for him "to have failed to see three clear, prominently displayed notices in close proximity to the material which he testified he did see." *Id.* 450.

The same may be said here. Appellee is in her early sixties. Although she is not a businessman, she worked for thirty years at Penn Central in "different jobs, statistical, timekeeping, billing, ledger." Deposition

3/27/79, N. T. 35. She had been a lead clerk with the company and was a clerk when she retired. *Id.* She owns and manages rental property adjacent to her home. *Id.* 33–34. She is a high school graduate and reads English. *Id.* 34. Considering appellee's age and business experience, and the clarity of the forms, we find no reasonable excuse for her mistaken belief that she did not have to take any action until the hearing date. She only needed to read the papers served on her. Instead, she "just saw the date [on the first page]" and "set it aside," without either reading the rest of the first page or even looking at the complaint. While some mistakes will be excused, *see Shainline v. Alberti Builders, Inc.*, 266 Pa.Superior Ct. 129, 403 A.2d 577, 581 (1979) (citing examples), mere carelessness will not be, *Tronzo v. Equitable Gas Co.*, 269 Pa.Superior Ct. 392, 410 A.2d 313 (1979) (mistake regarding joinder of co-defendant mere carelessness).

Although it was not discussed by the lower court, appellee's second excuse for her failure to respond to the complaint—that she was ill—is also without merit. Appellee had been treated for anxiety and hypertension since 1973. Brief for Appellee at 5. Her doctor, Lamont Shuttleworth, had prescribed rest and Librium, a mild tranquilizer, for these ailments. *Id.* Her retirement was caused by a back condition. *Id.* 6. Although we may accept appellee's statement that she "is hardly the picture of perfect mental and physical health," *id.*, there is no evidence in the record to show that her maladies prevented her from reading the papers served on her. To the contrary, appellee's doctor testified that appellee had only a "very mild hypertensive situation," and that the Librium he had prescribed would not affect her ability to read, write, or understand the papers. Deposition 10/31/79, N. T. 5–6. He also said that in his opinion, appellee's anxiety and nervous condition would cause her to read the complaint "very thoroughly." *Id.* 21–22. In view of this testimony, we are unable to say that appellee's illness was severe enough to excuse her failure to respond to the complaint. *See Palley v. Lazarus*, 235 Pa.Superior Ct. 433, 344 A.2d 536 (1975) (failure to respond ex-

cused where appellee in mental hospital at time complaint received and unable to consult effectively with attorney).

The order of the lower court is reversed and the judgment is reinstated.