In the Matter of Columbia Borough. Exceptants, Kenneth F. Hartman, Berneda E. Swingler and Hilda E. Spiese, Appellants.

Argued December 3, 1975, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*William H. Naugle*, for appellants.

*Richard P. Nuffort*, with him *Geisenberger, Zimmer-
man, Pfannebecker & Gibbel*, for appellee.

OPINION BY JUDGE BLATT, March 31, 1976:

This is an appeal by three registered voters of the
Borough of Columbia from a final order of the Court of
Common Pleas of Lancaster County approving both the
abolition of the nine wards in the Borough and the reduc-
tion from nine to seven in the number of individuals to
be elected to serve on the Borough Council. The Borough
had petitioned the court to take such action pursuant to
Section 601 of The Borough Code, Act of February 1,
1966, P.L. (1965) 1656, *as amended*, 53 P.S. §45601.
Having carefully considered the arguments of the appel-

lants, we believe that the issues raised were thoroughly and properly resolved by the court below in the opinion of President Judge JOHNSTONE which we adopt here.

## "OPINION

"JOHNSTONE, P. J.

"The Council of the Borough of Columbia filed its petition requesting the Court to eliminate all wards; to reduce the number of councilmen in the Borough from 9 to 7; and to provide that all councilmen shall be elected at large. This petition was approved nisi on January 23, 1973, with leave to file exceptions within 30 days or the petition would be confirmed absolutely. Exceptions were filed by three registered voters, and these exceptions have been argued before the Court en banc.

"After the 1970 United States census it became obvious that the nine wards in the Borough of Columbia were not equal and in order to achieve a 'one man-one vote' status it would be necessary to reapportion the nine wards in the borough. In February 1971 council passed a resolution authorizing a referendum to determine whether all wards should be eliminated, voting for councilmen at large and reducing council from nine to seven members. At the November 1971 general election, 940 votes or 41.% were cast in favor of eliminating all wards, voting at large, and reducing council from 9 to 7 members, and 1349 votes or 58.9% were cast in opposition to eliminating all wards, voting at large, and reducing council from 9 to 7 members.

"In March 1972 council employed C. G. Hagee Associates to make a redistricting study and furnish council with information necessary to realign the wards in the borough. In October 1972 C. G. Hagee Associates presented to borough council a report of three proposed alternate plans for realigning the nine wards. This report was reviewed and considered by council on October 25, 1972.

"On November 13, 1972 borough council authorized the borough solicitor to prepare a petition to the court requesting that councilmen be elected at large and reducing the number of councilmen from nine to seven. An ordinance was adopted on December 11, 1972 by council eliminating all wards, providing for voting at large, and reducing the members of council from 9 to 7, and a petition was directed to be presented to court seeking approval of this measure. All actions by borough council mentioned herein were by majority vote.

"The first exception complains that the Court was in error in not appointing a commission as provided in §602 of the Borough Code (53 P.S. §45602). Section 601 of the Code provides 'The Court of Quarter Sessions, upon petition, may . . . . abolish all wards.' Section 602 of the Code provides, 'The petition shall be presented by the council of the Borough pursuant to a resolution of the council, . . . The Court *shall* thereupon consider and determine the matter and *may* appoint three impartial persons, . . . as commissioners to inquire into the propriety of granting the prayer of the petition.' (Emphasis ours).

"Our reading of the above quoted section of the code compels us to consider and determine the matter but makes it discretionary as to whether or not the Court appoints a commission to inquire into the propriety of granting the petition. Whether a particular statute is mandatory or directory does not depend upon its form but upon the intention of the legislature: Commonwealth v. Kowell, 209 Pa. Superior Ct. 386 [228 A.2d 50 (1967)]. The word 'shall' can be interpreted as mandatory or merely directory; Francis v. Corleto, 418 Pa. 417 [211 A.2d 503 (1965)]. The word 'shall' in a statute is generally regarded as imperative: Transit Union v. Port Authority, 417 Pa. 299 [208 A.2d 271 (1965)].

"Where a statute directs the doing of a thing for the sake of justice, the word 'may' means the same thing as the word 'shall': Melnick v. Melnick, 147 Pa. Superior Ct. 564 [25 A.2d 111 (1942)]. The word 'may' in a statute

will not be construed to mean 'shall' unless the context or subject matter compels such construction or unless it is necessary to give effect to the clear policy and intention of the Legislature: Kanai v. Dept. of Health Dept.: 63 Dauph., 103 [1951].

"In the present instance the Legislature has used both the word 'shall' and the word 'may' in the same sentence, and in our opinion there was a reason for doing so. In our judgment when the Legislature said the Court may appoint a commission the Legislature intended the provision to be permissive and discretionary, and not compulsory or mandatory.

"The Court had no difficulty in arriving at the conclusion that in order to achieve the Supreme Court rule of 'one man—one vote,' the easiest, quickest and least expensive and the most permanent way would be to approve the ordinance of Borough Council eliminating all wards and providing for voting at large. The appointment of a commission is totally unnecessary to achieve the goal of Borough Council. By eliminating all wards and providing for voting at large, it will never be necessary again to consider whether the Borough is in violation of the Supreme Court rule and it is a complete compliance with the one man—one vote principle: Butler Township Appeal, 438 Pa. 302, 308 [264 A.2d 676 (1970)].

"Complaint is made that the Borough had another avenue of achieving its goal and that is true. It could have adopted an ordinance providing for the same result it now seeks the Court to approve. Perhaps that would have saved the time and delay caused by the present proceeding. But we cannot fault Council for selecting the present procedure which is specifically authorized by statute. We do not propose to substitute our judgment for that of Borough Council in such matters.

"Exception is taken to the failure of Council to abide by the will of the people as expressed in the referendum. Perhaps the key to the misunderstanding on the part of the exceptants is a statement in their brief to the effect,

'The people have spoken and they are the power.' If the law provided for such a referendum and made it binding on Borough Council, then there would be merit in the exceptants' position. But there is no such law and no decision has been called to our attention that the result of a voluntary poll or referendum is binding.

"What the exceptants are in effect advocating is mob rule. That, however, is not the way our representative government operates. As we stated by the Commonwealth Court in Williams et al. v. Rowe, 3 Commonwealth Ct. 537, at page 544 [283 A.2d 881, 884-85 (1971)], 'It is clear to us from a study of the development of the initiative and referendum processes statutes that the General Assembly has intended to keep a tight rein on these processes by restrictions rather than the expensive approach as urged upon us by the appellants.'

"In our judgment, the referendum of November 1971 has no binding effect on Borough Council and its action of more than a year later in directing the filing of the present petition does not violate any obligation imposed on Council by statute or otherwise.

"We have carefully considered the remaining exceptions filed and argued by counsel but find no merit in any of them.

"AND NOW, March 14, 1975, the exceptions filed to the petition of the Borough of Columbia and the decree nisi of this Court are dismissed and in confirming absolutely the petition before us, all wards in the Borough of Columbia are hereby abolished, voting in said Borough shall be at large and the number of Councilmen in said Borough is reduced from nine (9) to seven (7). In order to implement this opinion, three (3) Councilmen shall be elected at large in the Municipal Election of 1977, and four (4) Councilmen shall be elected at large in the Municipal Election of 1979. The effect of this implementation is that all Councilmen presently elected to office shall complete the full terms to which they were elected."

We affirm.