**Gettysburg National Bank v. Trace**

*Henry O. Heiser,* for plaintiff.
*Kenneth Lee Rotz,* for defendants.

SPICER, *P.J.*, July 9, 1982—The court notes that

this is the second time these parties have litigated the sufficiency of notice given pursuant to the Act of January 30, 1974, 41 P.S. §403 and 404. The first such time involved a default unrelated to the one alleged in the present action but concerning the same mortgage. The court ruled on the prior alleged default in The Gettysburg National Bank v. Trace, 13 D. & C. 3d 679 (1980). Defendants cured the default involved in the earlier action.

Plaintiff filed its complaint in mortgage foreclosure April 28, 1982. After alleging a default in paragraph eight, plaintiff alleged that notice required by the act, supra, had been given. Plaintiff did not attach a copy of the notice to the complaint nor did it allege to what address the notice had been mailed.

Defendants filed preliminary objections May 19, 1982. Although the objections are in the nature of a motion to strike and a demurrer, the form of objections is not important for our considerations. The objections are based upon failure by plaintiff to attach a copy of the notice to the complaint and to allege the address to which sent. Defendants further object on the basis that the notice sent was defective. They argue that the notice complies with neither requirements imposed by the act, supra, nor with regulations adopted by the Secretary of Banking.

One might wonder how defendants can attack the notice itself since a copy was not appended to the complaint. The answer is simple. Defendants attached a copy to their preliminary objections.

Does this make academic the objections based upon the failure by plaintiffs to attach a copy or allege the address sent? Not at all, argue defendants. They have, they say, the right to insist upon scrupulous observance of statutory and regulatory

requirements. They point to our decision in The Gettysburg National Bank v. Trace, supra, as living proof of this right. It will be remembered by some that we held, in that case, that personal service does not satisfy the statutory requirement that service be by mail.

Defendants' present objections do not rest upon either statutory or regulatory provisions. Instead, their basis is procedural rules. They argue that plaintiff's cause of action is based upon the notice and Pa.R.C.P. 1019(h) a notice copy should have been attached.

Assumpsit rules are generally applicable to this action, Pa.R.C.P. 1141(b), as they are to actions on judgments entered by confession upon mortgage bonds: Pa.R.C.P. 2981(b). However, the rules governing actions on bonds do not apply to mortgage foreclosures: Pa.R.C.P. 2981(a). This is important because Rule 2984(2) requires that a copy of the notice be attached to the complaint on a judgment but that there is no similar requirement for actions in foreclosure.

Defendants do not contend that service was improperly made. Instead, they argue that facts of service have not been sufficiently pled.

Plaintiff's cause of action is not brought or based upon the notice. It is based upon the mortgage. Thus, the requirements of Rule 1019(h) do not apply. Since it is an action in foreclosure, Pa.R.C.P. 2984(2), requiring that a copy be attached, also does not apply.

The giving of notice of intention to foreclose was a condition precedent to plaintiff's right to proceed: The Gettysburg National Bank v. Trace, supra, and Piper v. Oakes, 10 D. & C. 3d 722 (1979). We know of no requirement that fulfillment of this condition be specifically alleged in detail. Pa.R.C.P. 1019(c)

requires only that fulfillment be generally averred and there are no statutory or regulatory requirements placing a greater burden on plaintiff.

Therefore, we hold that plaintiff was not required to have appended a copy of the notice to the complaint nor to have particularly alleged how the notice was served. We do think, however, that it would have been better practice to have attached a copy of the notice.

Turning our attention to the form of notice used in this case, we observe that the complaint was filed four days after the Secretary of Banking adopted a model form of such notice. The adoption of this form was published in The Pennsylvania Bulletin (volume 12, no. 17) April 24, 1982. The notice sent by plaintiffs did not comply with the model notice. The notice used did, however, comport with the requirements of The Gettysburg National Bank v. Trace and Piper v. Oakes, supra.

The Secretary, in accordance with authority contained in the act, 41 P.S. §601, gave notice of a proposed regulation adopting a standard or model form November 21, 1981, (Pa. Bull. Vol. 11, no. 47). The proposed form differed somewhat from the form finally adopted. The legislature placed an unqualified duty on the Secretary to adopt regulations, but left the scope and content of those regulations to the discretion of the Secretary.

Defendants' attack upon the notice given in this case is two pronged. They urge us to reconsider our decision in Trace and Oakes, supra. They argue that the action by the Secretary made use of the model or standard notice mandatory.

Plaintiff counters by emphasizing the wisdom of our prior decisions. It further contends that use of the standard notice is permissive and not mandatory.

Without adopting plaintiff's characterization of our prior holdings, we decline, nonetheless, to overturn them. We hold, therefore, that the notices, when sent, were in proper form.

This still leaves two issues for consideration. The first of these is whether use of the standard form is mandatory or permissive. The second is whether adoption of the form affects notice given before adoption by the Secretary.

Defendants argue that use of the standard form is required. They point to inconsistent lower court interpretations of the notice requirements of the act. Obviously, a standard form would take the uncertainty out of this area.

Plaintiff, on the other hand, argues that the Secretary intended the form to be a model only, with its use discretionary. Plaintiff submits that the Secretary provided that notice required by the act "may" be in the form adopted and thereby clearly indicated that use was permissive. It also argues that the legislature could never have intended a mandatory notice form when it enacted the act; otherwise, it would never have tolerated a delay of eight years in adopting the form.

At first glance, plaintiff would appear to be correct. Regulations are subject to the same rule of interpretation as statutes, Com. v. Barnes and Tucker Co., 9 Pa. Commonwealth Ct. 1, 303 A. 2d 544 (1973) and the word "may" in legislation usually means that the provision is permissive rather than mandatory. In Matter of Columbia Borough, 24 Pa. Commonwealth Ct. 190, 354 A. 2d 277 (1976).

However, this is not always the case. See Melnick v. Melnick, 147 Pa. Superior Ct. 564, footnote 3 (1942).

"Where a statute directs the doing of a thing for

the sake of justice the word 'may' means the same thing as the word 'shall'": Hotel Casey Co. v. Ross et al., 343 Pa. 573, 23 A. 2d 737, citing Supervisors of Rock Island County v. United States, 71 U.S. 435 (4 Wallace); Galena v. Amy, 72 (5 Wallace) U.S. 705.

Plaintiff recognizes this principle but argues that "the sake of justice" means that a public agency or official is performing an act for the public good. This is generally true. As was said in Hotel Casey Co. v. Ross et al, 343 Pa. 573, 579 (1942):

"Consequently, where a statute directs the doing of a thing for the sake of justice, the word "may" means the same thing as the word "shall." The principle is thus stated in Supervisors, Rock Island Co. v. U.S., 71 U.S. 435: "The conclusion to be deduced from the authorities is, that where power is given to public officers, in the language of the act before us, or in equivalent language—whenever the public interest or individual rights call for its exercise—the language used, though permissive in form, is in fact peremptory."

However, the principle may not always be restricted to actions by public officers. It is also stated at 73 Am. Jur. 2d Statutes §27, (footnotes omitted).

"A statutory provision is generally regarded as mandatory where the power or duty to which it relates is for the security or protection of private rights. This is true of rights of third persons who have a claim de jure that the right should be exercised. These rules apply particularly to statutes intended to prevent a sacrifice of property. In such cases, although the words of the statute are merely permissive, directory, or enabling, they may nevertheless have the force of words of command. On the other hand, where a construction which

would impose an absolute duty would clearly militate against the interest of those in whose interest the law was enacted, the courts will construe the law as permissive merely. Moreover, where the dereliction of an individual can only have an adverse effect on his own private rights, the individual will not be rescued from the consequences of his callous indifference to, or wilful disregard of, plain statutory requirements."

Both the statute and the regulation are intended to prevent sacrifice of property. Cases interpreting differently the notice requirements of the act are of fairly recent vintage and we think the delay in acting by the Secretary is not unreasonable. We think the use of the model form should be mandatory, as a matter of policy. While not completely free from doubt, we think private actions may be judged by what is for the sake of justice and that the form is mandatory. We note, however, others have expressed an unqualified opinion that use is permissive: Auten and Ominsky, Real Property, The Pennsylvania Bar Association Quarterly, Vol. LIII, No. 3, page 147.

We stop somewhat short of holding that use is mandatory. Even if mandatory, in our view the regulation cannot affect a notice given before the effective date of the regulation. Notice was required at least thirty days in advance of instituting an action in foreclosure. To hold that the standard notice must have been given before it was published, and in a form different from that which was originally proposed, would be to give retroactive effect to the regulation. We can find no indication that this was the intent of either the legislature or of the Secretary.

We hold that this action can be properly main-

tained on notice that complied with statutory requirements at the time given.

Therefore, the attached order will be entered.

## ORDER

And now, July 9, 1982, the preliminary objections are overruled. Defendants may file an answer to the complaint within 20 days from this date.