## O'Neill v. Borough of Yardley

*Theodore M. Kravitz,* for plaintiff.
*Lawrence I. Tomar,* for defendant.

BIESTER, *J.,* March 21, 1989 — On January 20, 1989 we sustained defendant's preliminary objections and dismissed plaintiff's complaint with prejudice. Plaintiff has appealed our order. We now write this explanatory opinion.

In resolving preliminary objections to a complaint in the nature of a demurrer we must admit every well-pleaded material fact, and all reasonable inferences therefrom. *International Union of Operating Engineers v. Linesville Construction Company,* 457 Pa. 220, 224, 433 A.2d 353, 356 (1974). Plaintiff alleges that on or about January 31, 1988 the Borough of Yardley advertised for candidates to fill the vacant position of chief of police. The borough has a police force greater than three members. The method by which a borough subject to the Borough Code may fill the position of chief of police is prescribed in 53 P.S. §46184. Plaintiff applied for the position of chief of police of Yardley Borough. The Borough Council submitted plaintiff's name to the Yardley Civil Service Commission. Plaintiff's name was the only name submitted. The commission then met with plaintiff to determine if plaintiff

was suitable for the position of police chief. The commission certified plaintiff as suitable for appointment by letter to the Council on March 29, 1988. Council then declined to appoint plaintiff as chief of police. Council has since readvertised the position and accepted additional applications.

Plaintiff asserted that the failure of Council to appoint him as police chief violates 53 P.S. §46184 and asked for relief in the form of a mandamus writ directing Council to appoint plaintiff as police chief. Our review of 53 P.S. §46184 convinced us that there was no violation of the statute and that plaintiff had failed to state a claim upon which relief may be granted.

The method of appointment of a police chief is set out in 53 P.S. §46184:

"In the case of a vacancy in the office of chief of police or chief of the fire department, or equivalent official, the appointive power may nominate a person to the commission. It shall thereupon become the duty of the commission to subject such person to a non-competitive examination, and if such person shall be certified by the commission as qualified, he *may* then be appointed to such position, and thereafter shall be subject to all the provisions of this subdivision." (emphasis supplied)

Plaintiff argued that once the commission has certified an applicant as being qualified for the position of police chief, council must then appoint him or her. We believe the key to this issue is whether the phrase "[a]nd if such person shall be certified by the commission as qualified he *may* then be appointed . . . " refers to a discretionary or mandatory act by Council. 53 P.S. §46185(c). (emphasis supplied) The words of a statute must be construed according to their plain meaning. *Commonwealth v. Stanley,* 498 Pa. 326, 335, 446 A.2d

583, 587 (1982). 1 Pa.C.S. §1903(a). Plaintiff submits that the world "may" as used in that statute actually means "shall" and is mandatory. Plaintiff relies on *Hotel Casey Company v. Ross,* 343 Pa. 573, 23 A.2d 737 (1942) where, in reviewing a statute directing the commonwealth to refund taxes mistakenly paid, the Pennsylvania Supreme Court held that "where a statute directs the doing of a thing for the sake of justice, the word 'may' means the same thing as 'shall.'" *Id.* at 579, 23 A.2d at 740.

However, "the word 'may' in a statute will not be construed to mean 'shall' unless the context or subject matter compels such construction or unless it is necessary to give effect to the clear policy and intention of the legislature." *In the Matter of Columbia Borough,* 24 Pa. Commw. 190, 193-4, 354 A.2d 277, 279 (1976). In section 46184 the legislature used the words "may" and "shall" in the same sentence and we believe there was reason for choosing the two different words. *Id.* at 194, 354 A.2d at 280. Here the commission is directed to examine applicants who are nominated to them by Council. After such examination and certification of the applicant by the commission, Council retains discretion and *may* choose whether or not to appoint the applicant.

It becomes even more obvious that the legislature intended to leave discretionary power in the hands of Council with respect to the appointment of police chiefs when section 46184(c) is contrasted with the method of hiring all other police personnel, as prescribed in 53 P.S. §46184(a).

"Except as provided in subsection (b), every original position or employment in the police force or as paid operators of fire apparatus, except that of chief of police or chief of the fire department, or equivalent, *shall* be filled only in the following

manner: the Council *shall* notify the commission of any vacancy which is to be filled and shall request the certification of a list of eligibles. The commission *shall* certify for each existing vacancy from the eligible list, the names of three persons thereon, or a lesser number where three are not available, who have received the highest average. The Council *shall* thereupon with sole reference to the merits and fitness of the candidates, make an appointment from the three names certified, unless they make objections to the commission as to one or more of the persons so certified for any of the reasons stated in section 1183 of this act. . . . "

"In determining the legislative intent, the sections of a statute must be read together and construed with reference to the entire statute." *Wilson v. Central Penn Industries Inc.*, 306 Pa. Super. 146, 150, 452 A.2d 257, 259 (1982). The word "may" appears only once in the statute as a whole and that is in conjunction with Council's power to appoint a police chief. With reference to all other appointments of police personnel, the statute consistently uses the word "shall": Council *shall* notify the commission of vacancies, the commission *shall* certify the three highest scorers to Council, and Council *shall* appoint one of three highest scorers. 53 P.S. §46184(a).

It is clear from our reading of the entire statute that the legislature intended the procedure to be used for appointment of chiefs of police to differ from the procedure to be used for all other police personnel, and that they intended that Council should reserve some discretion with respect to the appointment of police chiefs. We found that plaintiff failed to state a cause of action for which relief could be granted in that Council had no obligation to appoint him to the position of police chief after the

240

commission had certified him as qualified. Defendant's preliminary objections were sustained and plaintiff's complaint was dismissed with prejudice.