## Universal Advertising and Promotions Inc.
## v. Leonard

*Nicholas D. Krawec,* for plaintiff.

*D. Stephan Ferito,* for defendant Daniel K. Leonard.

WETTICK, *A.J.,* December 19, 1989 — The subject matter of this opinion and order of court is plaintiff's petition to assess post-judgment discovery expenses pursuant to Pa.R.C.P. 3117(b).

After obtaining a judgment against defendant Daniel K. Leonard, plaintiff engaged in discovery to locate his assets. Through its petition to assess post-judgment discovery expenses, plaintiff requests this court to tax against this defendant as costs the reasonable counsel fees and other expenses plaintiff incurred in connection with this discovery. At the oral argument on this petition,

defendant opposed the assessment of discovery expenses on the grounds that (1) the discovery was unnecessary because plaintiff already knew of the location and existence of the assets which defendant disclosed in his responses to plaintiff's discovery and (2) defendant could not use these assets to satisfy plaintiff's judgment because of the liens of prior creditors.

Plaintiff bases its request for the award of counsel fees as costs solely on Pa.R.C.P. 3117, which reads as follows:

"Rule 3117. *Discovery in Aid of Execution*

"(a) Plaintiff at any time after judgment, before or after the issuance of a writ of execution, may, for the purpose of discovery of assets of the defendant, take the testimony of any person, including a defendant or a garnishee, upon oral examination or written interrogatories as provided by the rules relating to Depositions and Discovery. The prothonotary of the county in which judgment has been entered or of the county within this commonwealth where the deposition is to be taken, shall issue a subpoena to testify.

"(b) All reasonable expenses in connection with the discovery may be taxed against the defendant as costs if it is ascertained by the discovery proceedings that he has property liable to execution."

We find to be without merit plaintiff's contention that it is automatically entitled to the reasonable counsel fees and other expenses incurred in connection with its discovery upon a showing that defendant's responses to the discovery disclosed assets that are subject to execution. Rule 3117(b) provides that the reasonable expenses "may" be taxed against the defendant. Ordinarily, the use of the word "may" means that the exercise of discre-

tion is intended. The term "shall" would have been used if a mandatory duty had been imposed. See, generally, *Drum v. Leta,* 354 Pa. Super. 448, 512 A.2d 36 (1986); *In the Matter of Columbia Borough,* 24 Pa. Commw. 190, 354 A.2d 277 (1976); *Commonwealth v. Ferguson,* 381 Pa. Super. 23, 552 A.2d 1075 (1988). The use of the word "may" will not be construed to mean "shall" unless "the context or subject matter compels such construction or unless it is necessary to give effect to the clear policy and intention . . . [of the provision]." *Matter of Columbia Borough, supra,* 24 Pa. Commw. at 193-4, 354 A.2d at 279.

In the present case, neither the context or subject matter of the rule nor the clear policy of the rule compels a mandatory implementation. Pennsylvania follows the American Rule under which each party assumes responsibility for his or her own counsel fees and costs unless a statute or rule of court provides otherwise. *Gardner v. Clark,* 349 Pa. Super. 297, 503 A.2d 8 (1986). Rule 3117 was promulgated as an exception to the American Rule for discovery in aid of execution. But through its use of the word "may" in rule 3117, it is clear that the Pennsylvania Supreme Court did not intend to abolish totally the American Rule in execution proceedings, but, instead, to provide for the award of counsel fees only when the judgment creditor was forced to engage in discovery because of the judgment debtor's lack of cooperation. This is a reasonable approach for a jurisdiction that ordinarily finds those policy considerations favoring the American Rule to outweigh those favoring the English Rule. See, e.g., section 1716 of the Motor Vehicle Financial Responsibility Law (Act of February 12, 1984, P.L. 26, 75 Pa.C.S. §1716) which provides for the insured who prevails in a dispute

over the payment of benefits to recover counsel fees only if the insurer was found to have acted in an unreasonable manner in refusing to pay benefits when due. Consequently, we must construe the rule in the manner in which it is written.

We are basing our opinion solely on the language of rule 3117(b) and its apparent purposes because there appears to be no case law that has construed this rule. Goodrich-Amram 2d §3117(b):1 recommends that this rule be construed in a manner consistent with this court's opinion:

"The Rule is cast in discretionary terms; the expenses may be taxed. This is proper, for there will be situations within the letter of the Rule where it would be unwise to impose the burden on the debtor. Nevertheless, judicial willingness to invoke the Rule and to be realistic rather than penurious or grudging in the interpretation of expenses is essential if the Rule is in practice to serve as any deterrent whatever to debtors who do have assets subject to execution, but who prefer to impose on the judgment creditor the burden of discovering them." (footnote omitted) Also see, *Alfiero v. Berks Mutual Leasing Co.,* 347 Pa. Super. 86, 500 A.2d 169 (1985).

If defendant's allegations are correct that plaintiff already knew of the existence and location of the assets which he described in his responses to plaintiff's discovery requests and that plaintiff also knew that defendant's assets were in all likelihood fully encumbered as a result of obligations to prior creditors, we would not tax as costs the expenses that plaintiff incurred in connection with its discovery. Under these circumstances, discovery was not necessary because of defendant's conduct. Defendant did not have readily available assets to pay the judgment and he did not fail voluntarily to furnish

relevant information which the creditor required concerning his assets and liabilities.

While defendant would be successful if these allegations are correct, these allegations are apparently contested by plaintiff. Thus, a factual record must be developed in order for this court to decide plaintiff's petition. The appropriate procedure for developing a factual record is the petition and answer practice provided for by rules 206 through 209 of the Pennsylvania Rules of Civil Procedure. *Alford v. Philadelphia Coca-Cola Bottling Co. Inc.,* 366 Pa. Super. 510, 531 A.2d 792 (1987). Under this procedure, a court shall issue a rule to show cause why the petition should not be granted if the petition on its face would justify the relief that the petitioner seeks. *Tronzo v. Equitable Gas Co.,* 269 Pa. Super. 392, 410 A.2d 313 (1979). In this case, plaintiff's petition, on its face, supports the award of post-judgment discovery expenses as costs. Consequently, we enter the following

### ORDER OF COURT

On this December 19, 1989, it is hereby ordered that a rule is issued to show cause why plaintiff's petition to assess post-judgment discovery expenses pursuant to Pa.R.C.P. 3117(b) should not be granted. Defendant Daniel K. Leonard shall file an answer within 20 days. All factual disputes shall be resolved pursuant to rules 206 through 209.