## Chiodo *v.* Chiodo, Appellant.

*T. E. Macurdy,* for appellant.

*Frank P. Krizner,* with him *McCandless, Chew & Krizner,* for appellee.

OPINION BY PACKEL, J.:

The appellee was granted a default judgment in his replevin action to recover household furniture from his ex-wife, the appellant. The lower court denied appellant's petition to open judgment because there was no reasonable explanation of the default and because of the failure to show a meritorious defense.

As a general rule a meritorious defense is a pre-requisite to the opening of a judgment. *Fox v. Mellon,* 438 Pa. 364, 264 A. 2d 623 (1970). The courts have distinguished trespass actions because the defendant is not required to file an answer and have not required the showing of a meritorious defense. *Scott v. McEwing,* 337 Pa. 273, 10 A. 2d 436 (1940). However, since a replevin action is more like an assumpsit action in that an answer is required,[1] it was incumbent on the appellant to set forth a defense on the merits. *Winner v. Messinger,* 165 Pa. Superior Ct. 507, 69 A. 2d 172 (1949).

The appellant's mere assertion in the petition to open judgment that a meritorious defense existed does not satisfy the requirement since the petitioner must show what that defense was.[2] *Ab v. Continental Imports,* 220 Pa. Superior Ct. 5, 281 A. 2d 646 (1971). Although counsel offered a reasonable explanation for the default, the record does not show a meritorious defense.

The order is affirmed.

OPINION PER CURIAM, March 27, 1973:

The foregoing opinion was prepared by Judge PACKEL prior to his resignation. It is now adopted and filed as the opinion of the Court.

---

[1] Pa. R. C. P. 1071.

[2] Appellant argued on appeal that the substance of the defense was presented at the hearing on the petition. However, the notes of that hearing indicate only that the appellant thought she had been given the furniture.