Telles, Appellant, *v.* Rose-Tex, Inc.

Argued December 3, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*Michael J. Piosa*, with him *Worth & O'Hara*, for appellant.

*Wilbur C. Creveling, Jr.*, with him *Walker, Thomas, Karess, Lipson & Zieger*, for appellee.

OPINION BY HOFFMAN, J., March 31, 1975:

Appellant contends that the lower court erred in opening a default judgment entered against the appellee.

On September 4, 1973, the appellant, Herbert Telles, trading as Textile Management Associates, filed a complaint in assumpsit against the appellee, Rose-Tex, Inc.,

for $2,496.00 in damages allegedly due appellant as compensation for its services in finding an employee for appellee. The complaint was served on appellee on September 6. On September 10, appellee's Comptroller, Paul Levande, wrote to appellant acknowledging receipt of the complaint. On October 2, 1973, appellee's president wrote to appellant, repeating in substance the letter of September 10. On October 3, appellant's counsel wrote to appellee and informed it that although the normal twenty-day period in which to file an answer had expired, appellee would be given until October 12, 1973, to file an answer. Appellant's counsel warned appellee that a default judgment would be taken if appellee failed to file an answer within that additional period. No answer was filed. On October 29, 1973, more than two weeks after the grace period which appellant allowed appellee, and more than a month after the expiration of the twenty-day period, appellant had judgment by default entered against appellee. The same day, appellant's counsel notified appellee by mail of the default judgment. On December 28, 1973, almost two months after notice of entry of default judgment, and almost four months after appellee's officers had acknowledged notice of this action, appellee filed a petition to open the judgment. On May 13, 1974, after depositions and argument, the lower court granted appellee's petition.

Opening a judgment is a matter committed to the discretion of the lower court. *Good v. Sworob,* 420 Pa. 435, 218 A. 2d 240 (1966). Nevertheless, that discretion may be exercised "only when three factors coalesce: (1) the petition has been promptly filed; (2) a meritorious defense can be shown; (3) the failure to appear can be excused." *Balk v. Ford Motor Co.,* 446 Pa. 137, 140, 285 A. 2d 128, 130-131 (1971) (footnote omitted). On the record of this case, it does not appear that appellee has properly complied with any of the three requirements.

Appellee received notice of the default judgment by letter dated October 29, 1973, but did not file its petition

to open until December 28, 1973, more than eight weeks later. In *Pappas v. Stefan*, 451 Pa. 354, 304 A. 2d 143 (1973), our Supreme Court held that an eight-week delay between the notice of entry of default judgment and the filing of a petition to open rendered the petition untimely, and therefore reversed the lower court's order opening judgment. Appellee offers two reasons for the delay in filing: some statements apparently made by appellant's counsel to the effect that execution would not issue on the judgment until the appellee consulted his counsel, and the fact that suit was brought in Lehigh County, rather than in Luzerne County, where the appellee maintained its principal Pennsylvania office. Neither provides a sufficient justification for the delay. Appellant would normally have at least twenty years in which to levy execution upon the appellee's personal property.[1] The fact that appellant's counsel was willing to delay execution for a matter of days or weeks does not excuse appellee's delay in filing its petition. Neither the "distance" between the two counties, nor the need to retain local counsel, cited by appellee, are persuasive. The two counties are located in the eastern part of the state, on either side of Carbon County. Moreover, under current practice, a member of the bar in any county may appear and file a petition in any other county. Thus appellee failed to file a timely petition to open judgment.

In addition, appellee did not properly aver a sufficient defense to the action in his petition to open. Appellee merely asserted that "[y]our Petitioner has a meritorious defense to the cause of action asserted by the Claimant[,]" without averring a single fact. Our courts have held that "[t]he petition to open must not only allege a meritorious defense, but such defenses must be set forth in precise, specific, clear and unmistaken terms." *Seltzer v. Ashton Hall Nursing and Convalescent Home*, 221 Pa. Superior Ct. 127, 130-131, 289 A. 2d 207, 209 (1972),

---

1. Act of May 19, 1887, P.L. 132, §1, 12 P.S. §2094.

citing *Young v. Mathews,* 383 Pa. 464, 119 A. 2d 239 (1956). "The appellant's mere assertion in the petition to open judgment that a meritorious defense existed does not satisfy the requirement since the petitioner must show what that defense was." *Chiodo v. Chiodo,* 224 Pa. Superior Ct. 350, 351, 302 A. 2d 386, 387 (1973). Therefore, appellee's petition did not plead facts sufficient to justify the lower court in opening judgment.

Finally, it does not appear that appellee has presented a reasonable excuse for its failure to answer appellant's complaint. The complaint was received on or about September 6, by appellee's Comptroller, Levande, a registered public accountant who had attended law school for two years. Although Levande cannot be held to the same standards as a member of the bar, his professed belief that his informal letter of September 10, 1973, to the appellant constituted an "answer" to the complaint does not excuse his failure to file a proper answer. This excuse seems particularly unreasonable in light of the fact that on October 3, 1973,[2] the attorney for the appellant specifically advised Levande by letter that: "[a]ccording to the Pennsylvania Rules of Civil Procedure an Answer to [the] Complaint was due on September 27, 1973. To date you have failed to answer and, if you fail to do so, a default judgment can be entered against you. Be advised that if an answer to our Complaint is not received on or before October 12, 1973, we will take a default judgment against you."

Our Court has stated that "mere ignorance or inexperience with the legal process is by itself an insufficient justification for a default," even where the petitioner who ignored legal process had only a sixth grade education. *Kilgallen v. Kutna,* 226 Pa. Superior Ct. 323, 326, n. 5, 310 A. 2d 396, 398, n. 5 (1973). A fortiori, a corporate

---

2. Appellant's counsel also testified that on September 26, 1973, in a telephone conversation, he told Levande to get a lawyer and file a proper answer to the complaint.

executive who has attended law school cannot raise this argument. Nor may appellee rely on appellant's "counsel's indulgence as a representation that he would continue to be indulgent, despite the [appellee's] continued ignoring of the [appellant's] counsel requests and demands for the filing of an answer." *McDonald v. Allen,* 416 Pa. 397, 399-400, 206 A. 2d 395 (1965). Thus appellee has failed to present a satisfactory excuse for not filing an answer to the complaint.

A petition to open judgment is an appeal to the equitable side of the court. *Kilgallen v. Kutna,* supra. Where the judgment holder's conduct has been inequitable, a court may be moved to relax the strict requirements necessary to open judgment. Here, however, it appears that appellant has repeatedly indulged appellee, twice delaying taking the default judgment to allow appellee additional time in which to file an answer, and afterwards offering to delay execution on the judgment in the apparent belief that appellee would file proper and timely petition to open judgment. Appellee, for its part, has repeatedly failed to act promptly. When appellee belatedly filed its petition, the petition failed to plead those facts which our courts consider a prerequisite to the opening of a judgment.

The order of the lower court is reversed and the default judgment reinstated.

WATKINS, P. J., dissents.

VAN DER VOORT, J., did not participate in the consideration or decision of this case.