## Pocono Mountain Concerts, Inc. v. Pocono International Raceway, Inc.

*Ronald N. Rutenberg,* for plaintiff.
*Joseph H. Foster,* for defendant.

RIBNER, *J.*, March 11, 1976—On November 12, 1974, plaintiff, Pocono Mountain Concerts, Inc., filed a praecipe for a writ of summons in assumpsit and the writ was served on defendant, Pocono International Raceway, Inc., on November 14, 1974. The complaint with notice to plead was filed on November 22, 1974, and was served on November 25, 1974, upon defendant. On March 3, 1975, judgment was entered by plaintiff against defend-

ant for failure to file an answer within the required time, and on the same date damages were assessed. On March 12, 1975, defendant entered a rule upon plaintiff to show cause why the judgment entered on March 3, 1975, should not be opened. Plaintiff's answer to defendant's petition was filed on March 27, 1975, and on October 30, 1975, the court denied the petition to open judgment.

In its complaint, plaintiff avers basically that it entered into an agreement with defendant to lease defendant's premises for a concert and paid a total deposit of $50,000. Further, plaintiff claims that it secured a permit but the permit was later revoked and the Court of Common Pleas of Monroe County upheld the revocation on the ground that the permit issued by Tunkhannock Township was properly revoked by the supervisors of the township. Under the terms of the agreement between the parties dated May 15, 1974, the $50,000 deposit should have been repaid to plaintiff, but defendant failed to do so despite repeated demands therefor.

In its petition to open the judgment, defendant avers that its counsel entered an appearance on December 19, 1974, and at that time defendant's counsel agreed with plaintiff's counsel that the time for filing an answer should be extended and that subsequently there were two or three telephone conversations between the attorneys regarding the filing of the answer. Defendant's petition also reveals that on February 18, 1975, plaintiff's counsel wrote a letter to defendant's counsel stating that judgment would be entered on February 21, 1975, unless an answer was filed, but that defendant's attorney was involved in a protracted trial and the latter wrote a letter on February 19, 1975, requesting a further extension and stating

that the answer and new matter had been forwarded to defendant for execution and would be filed promptly upon its return to counsel's office. There was no response to this letter of February 19, 1975. On March 6, 1975, defendant's counsel mailed a copy of the aforementioned answer to plaintiff's counsel. In his brief, defendant's counsel argues that in view of the relationship his office had with the office of plaintiff's counsel, the former had a right to expect that he would be notified that a judgment was about to be entered so that a petition to extend the time for answer could be filed. However, he did not receive any answer to the letter of February 19, 1975, nor did he receive a telephone call, all of which he feels he had a right to expect.

An examination of the record and the documents contained in the various pleadings reveals that on December 23, 1974, plaintiff's counsel granted an extension of time for the filing of an answer. This letter was in reply to defendant's letter of December 18, 1974, requesting an extension until "shortly after the holidays." On February 19, 1975, defendant's counsel wrote and said that an answer had been forwarded to his client for review and execution and that "it will be returned to me by February 21st; however, in the event it has not been returned, I would appreciate your holding off on entering a default judgment. The Answer has been drafted and I am merely awaiting its return to this office for filing of record." From that time until March 3, 1975, no answer was filed and plaintiff accordingly entered its default judgment.

In his answer to defendant's petition, counsel for plaintiff contends that defendant has no defense whatsoever, has admitted that it has no defense to the complaint but was financially

strapped and did not have the funds necessary to repay the deposit to plaintiff. Further, plaintiff's counsel argues that defendant's proposed answer does not set forth any valid defense to the demand for repayment for the deposit because defendant never notified plaintiff that the latter had breached any provision of the agreement and that, in fact, plaintiff did everything it could to secure a permit for the concert.

In Telles v. Rose-Tex, Inc., 233 Pa. Superior Ct. 181, 335 A. 2d 440 (1975), the requirements for the opening of a judgment in an assumpsit action are set forth as follows, at page 183:

"Opening a judgment is a matter committed to the discretion of the lower court. . . . Nevertheless, that discretion may be exercised 'only when three factors coalesce: (1) the petition has been promptly filed; (2) a meritorious defense can be shown; (3) the failure to appear can be excused'." (Cases cited omitted.)

We need not decide whether the nine-day delay in filing the petition to open was reasonable promptness under the circumstances, since, in our opinion, requirements (2) and (3) as set forth above were not complied with.

Pennsylvania Rule of Civil Procedure 209 reads as follows:

"If, after the filing and service of the answer, the moving party does not within fifteen days:

"(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

"(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the pur-

pose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule."

In Philadelphia County, the petition to open and the answer thereto are submitted to the motion judge by the motion clerk and, at that point, it becomes the duty of the petitioner to order depositions if he wishes to avoid having statements of fact pleaded in the answer to the petition taken as admitted. The application of this rule is explained properly in Goodrich-Amram, §209-2 as follows:

"In the counties in which cases at issue on petition and answer are listed for argument by the prothonotary or officer in charge of the argument list without any order or instruction from counsel, this rule will have no effect and the local practice of automatic listing will continue. When a case has been listed under such a practice for argument on petition and answer, it should be held, in conformity with the spirit of Rule 209, that the case should be heard as though the petitioner admitted for the purpose of the argument 'all averments of fact responsive to the petition and properly pleaded in the answer'."

In plaintiff's answer to petition to open judgment, paragraph 5 reads as follows:

"5. Denied. No dispute has arisen under the contract, in that defendant has at all times conceded that it is obligated to refund this $50,000.00 deposit to plaintiff, but has informed plaintiff that it lacks the funds to make such payment."

Accordingly, there can be no meritorious defense to the action if we accept as true the fact that defendant has conceded that the $50,000 deposit should be returned to plaintiff but hasn't been returned merely because of a lack of ready cash. The other averments of fact that are pleaded in plaintiff's answer to the petition, when accepted as admitted, quite clearly demonstrate that there is no possible way that defendant in this action could win the case. Further, as an equitable matter, if the only reason defendant has been dragging his feet on the pleadings and has not returned the money is because he used the deposit, it would seem that there is no reason to prolong this matter, but defendant should be required to return that deposit at the earliest possible time. To open the judgment under these circumstances would be completely unfair and inequitable and a complete denial of justice in this case.

Although it is not necessary to proceed further, we must also point out that there is no reasonable excuse for the failure to file an answer in this assumpsit action. The complaint was served properly and 104 days elapsed before defendant was ready to file an answer. Inasmuch as the $50,000 in question was originally plaintiff's and was given to defendant as a deposit, and the facts appearing of record and deemed to be admitted indicate that plaintiff should have the deposit returned, there is no reason whatsoever for defendant to have failed to file a prompt answer. An extension was com-

municated to defendant's counsel "until shortly after the [Christmas] holidays," but no answer was proffered until March 6, 1975. The claim of counsel for defendant that he was busy with other matters and that because of his prior relationship with plaintiff's counsel, he didn't believe that a judgment would actually be entered is not a sufficient excuse. In an assumpsit action in which the Pennsylvania Superior Court reversed the trial court's order to open a judgment, it was pointed out that:

"However valid a party deems his attorney's personal impressions of urgency, it is the Supreme Court through the Rules of Civil Procedure, not personal feelings, which dictates when a party to an action must 'get involved' in the proceedings or suffer the consequences of being drawn into them in a restricted posture. . . . If this allusion is to a 'burdens of litigation' defense, such argument has been repeatedly rejected by this Court." Reliance Ins. Cos. v. Festa, 233 Pa. Superior Ct. 61, 335 A. 2d 400 (1975).

There is no indication whatsoever in the instant record that defendant was lulled into a false sense of security by opposing counsel, but, on the contrary, was advised that judgment would be entered and a reasonable extension was granted. Defendant had promised to file an answer during the period of the extension but, after that, two months elapsed without any answer. There is absolutely no reason whatsoever shown by defendant to explain the failure to file the answer within the 104 days after service of the complaint.

For the foregoing reasons, this court on October 30, 1975, denied the petition to open the judgment.