J-S80032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JORGE CHRISTIAN AND MILTA CHRISTIAN, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID LYNN WHITE AND STACEY MANGIARUGA AND VIC'S AUTOHOUSE, INC. AND VIC'S AUTO TAG PLACE, LLC | : | |
| | : | |
| APPEAL OF: VIC'S AUTOHOUSE, INC. AND VIC'S AUTO TAG PLACE, LLC | : | No. 253 EDA 2017 |

Appeal from the Order Entered December 22, 2016
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  March Term, 2015, No. 00329

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 26, 2018**

Vic's Autohouse, Inc. ("Vic's Autohouse"), and Vic's Auto Tag Place, LLC ("Vic's Auto Tag") (collectively, "Defendants"), appeal from the Order denying their Petition to strike/open the default judgment against Defendants, and in favor of Jorge Christian ("Jorge") and Milta Christian ("Milta") (collectively, "the Christians").   We affirm.

On September 25, 2014, a motor vehicle driven by David Lynn White ("White") collided with the Christians' vehicle.  White's vehicle was allegedly owned by a customer of Defendants, Stacey Mangiaruga ("Mangiaruga").  As

a result of the accident, the Christians initiated a civil action against Defendants, White and Mangiaruga.[1]

The Christians filed their civil Complaint on March 2, 2015. On March 27, 2015, the Christians filed an Affidavit of service indicating that Thomas Crean, Jr., had served a copy of the Complaint on Natallia Darashenka ("Darashenka"), at Defendants' place of business located at 10100 Bustleton Avenue, Philadelphia, Pennsylvania. On May 5, 2015, the Christians filed a Praecipe for the entry of a default judgment against Vic's Autohouse. On June 16, 2015, the Christians filed a Praecipe for the entry of a default judgment against Vic's Auto Tag. On that same date, the trial court entered a default judgment against the Defendants.[2]

On April 28, 2016, following a hearing, the trial court assessed damages against Defendants in the amount of $210,748.51. The Christians subsequently filed a Motion for post-trial relief to mold the verdict. On May 16, 2016, the trial court granted the Motion, and molded the verdict as follows:

> The [trial court] found in favor of [the Christians], against [Vic's Auto Tag, Vic's Autohouse,] and [White], jointly and severally, in the amount of $210,784.51. $185,000.00 to [Jorge], $10,000 to [Milta], for her loss of consortium, and $15,784.51 reflecting the Independence Blue Cross Lien.

---

[1] White and Mangiaruga are not parties to this appeal.

[2] The default judgment was entered following service of a 10-day Notice to Vic's Autohouse and Vic's Auto Tag.

Trial Court Order, 5/16/16. On May 19, 2016, the Christians filed a Praecipe for writ of execution, and interrogatories in aid of execution.

On May 30, 2016, Jonathan J. Sobel, Esquire ("Attorney Sobel"), entered his appearance on behalf of Defendants. Defendants filed a Petition to strike/open the default judgment on June 10, 2016. The trial court denied Defendants' Petition on December 20, 2016, after which Defendants filed the instant, timely appeal. Thereafter, Defendants filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Defendants present the following claims for our review:

1. Whether the trial court erred in refusing to strike the default judgment entered against [Vic's Autohouse] on May 5, 2015[,] due to a defect in service of process[,] and [Vic's Autohouse] was not properly served with the Complaint pursuant to [] Pennsylvania Rule[] of Civil Procedure 424[,] as service was not effectuated on an executive officer, partner or trustee of the corporation or similar entity, or the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or an agent authorized by the corporation or similar entity in writing to receive service of process for it[?]

2. Whether the trial court erred in refusing to open the default judgment entered [] against [Defendants] on June 16, 2015[,] where [Defendants] had a reasonable explanation for failing to respond to the [C]omplaint; the [P]etition to open the default judgment was timely filed[;] and [Defendants] had meritorious defenses to [the Christians'] claims[?]

Brief for Appellants at 10 (some capitalization omitted).

Defendants first argue that the trial court improperly denied their Petition to strike the default judgment against Vic's Autohouse. *Id.*

- 3 -

Specifically, Defendants argue that Vic's Autohouse was not properly served with a copy of the Complaint. *Id.* at 20. According to Defendants, the notes attached to the Affidavit of Service indicate that service was not made to an agent authorized by Vic's Autohouse to accept service, or to an officer, partner or trustee of Vic's Autohouse. *Id.* at 21. According to Defendants, there is no evidence that the person served, Darashenka, was a "person for the time being in charge of any regular place of business or activity" of Vic's Autohouse. *Id.* Defendants acknowledge that Darashenka is a member of Vic's *Autotag*, a limited liability company. *Id.* at 22. However, the President of Vic's *Autohouse* is Darashenka's ex-husband, Viktar Darashenka ("Viktar"). *Id.* Defendants rely on the Affidavits supplied by Darashenka and Viktar to establish that Darashenka is not authorized to accept service on behalf of Vic's Autohouse. *Id.*

As this Court has explained,

> [a]n appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary.
>
> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without

- 4 -

authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default judgment, a court may only look at what was in the record when the judgment was entered.

*AmeriChoice Fed. Credit Union v. Ross*, 135 A.3d 1018, 1023 (Pa. Super. 2015) (quoting *Green Acres Rehab. & Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1267-68 (Pa. Super. 2015) (internal citations, quotation marks, brackets, and italicization omitted)).

In its Opinion, the trial court addressed Defendants' claim and concluded that it lacks merit. *See* Trial Court Opinion, 7/14/17, at 4-5. We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis with regard to Defendants' first claim. *See id.*

In their second claim of error, Defendants argue that the trial court improperly denied their Petition to open the default judgment against both Vic's Autotag and Vic's Autohouse. *See* Brief for Appellant at 25. Defendants assert that they have a reasonable explanation for failing to respond to the Complaint. *Id.* Specifically, Defendants again argue that Vic's Autohouse was not properly served with the Complaint. *Id.* Defendants also blame their attorney for not entering an appearance, failing to file an answer and other documents, and for failing to participate in the action against them. *Id.* at 26.

Defendants also assert that they timely filed their Petition to open the default judgment. *Id.* Defendants argue that the "real frame of reference" for determining the timeliness of their Petition should be May 16, 2016, the

date on which the trial court assessed the damages. *Id.* at 27. According to Defendants, "if the [trial court] looks to the date of the actual judgment, not the default dates, only approximately twenty-five (25) days have passed." *Id.* Defendants contend that such a time period is not unreasonable. *Id.*

In its Opinion, the trial court addressed Defendants' claim and concluded that it lacks merit. *See* Trial Court Opinion, 8/14/17, at 5-9. We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis as to Defendants' second claim. *See id.* We additionally note the following.

"The timeliness of a petition to open a default judgment is measured from the date that notice of the entry of the default judgment is received." *U.S. Bank Nat'l Ass'n v. Watters*, 163 A.3d 1019, 1028 (Pa. Super. 2017). Contrary to Defendants' assertion, the timeliness is not measured from the time that the damages are apportioned. *See id.* Further, the trial court did not credit Defendants' denial of knowledge of the litigation, as "numerous notices pertaining to this litigation were sent to [] Defendants' corporate address." Trial Court Opinion, 8/14/17, at 8. Thus, Defendants failed to satisfy the second prong of the tripartite test because it did not provide a reasonable explanation for the default. *See McFarland v. Whitham*, 544 A.2d 929, 930 (Pa. 1988) (stating that an appellant must provide a "justifiable" explanation for his failure to respond to the complaint in a timely manner under the second prong of the tripartite test).

For the foregoing reasons, we discern no abuse of discretion by the trial court in denying Defendants' Petition to strike/open the default judgment. Accordingly, we affirm the Order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/26/18

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| JORGE A. CHRISTIAN and<br>MILTA CHRISTIAN, H/W | : | March Term, 2015 |
| vs. | : | No. 00329 |
| DAVID LYNN WHITE,<br>STACEY MANGIARUGA, and<br>VIC'S AUTOHOUSE, INC., and<br>VIC'S AUTO TAG PLACE, LLC. | : | 253 EDA 2017 |

**Opinion**

**YOUNGE, J**                                                         Date:    July 14, 2017

## I.    Procedure:

Vic's Autohouse, Inc., and Vic Auto Tag Place, LLC, filed an appeal from an order

entered by this Court that denied their petition to strike and/or open the default judgment.

Specifically, the Defendant, Vic's Autohouse, Inc., filed a petition to strike the default judgment,

and the Defendants, Vic's Autohouse, Inc., and Vic Auto Tag Place, LLC. (the Vic Defendants),

filed a petition to open the default judgement.

A review of the docket reflects that on March 27, 2015, the Plaintiff filed an affidavit of

service which on its face established that service of process was effectuated when service process

server, Thomas Crean, Jr., served a copy of the complaint on Natallia Darashenka at the Vic

Defendants' office or usually place of business located 10100 Bustleton Avenue, Philadelphia,

Pennsylvania.  The affidavit of service indicates that Natallia Darashenka was the person in

charge of 10100 Bustleton Avenue at the time that Mr. Crean served the complaint.

On May 5, 2015, the Plaintiffs filed a praecipe for entry of a default judgment against

Vic's Autohouse for failure to answer the complaint.  The Plaintiffs then filed a praecipe for

Christian Etal Vs White Etal-OPFLD



1503003290075

entry of a default judgment on June 16, 2015 against Vic Auto Tag Place. The office of judicial records entered default judgments and this Court scheduled an assessment of damages. On April 28, 2016, this Court held an assessment of damages hearing and awarded the Plaintiffs $210,784.51 in damages. The Plaintiffs then filed a motion for post-trial relief to mold the damage award. On May 16, 2016, this Court granted the Plaintiffs' motion for post-trial relief and molded the verdict as follows:

> The Court found in favor of Plaintiff, Jorge Christian, against Defendants, Vic Auto Tag Place, LLC, Vic's Autohouse Inc. and David L. White, jointly and severally, in the amount of $210,784.51. $185,000.00 to Plaintiff, Jorge Christian, $10,000.00 to Plaintiff, Milta Christian, for her loss of consortium, and $15,784.51 reflecting the Independence Blue Cross Lien.

It their petition to strike and/or open the default judgment, Vic's Autohouse, Inc. averred that they knew nothing of the legal action brought against them, and that service of process was improper. While Vic Auto Tag Place averred, *intra ilia*, that it retained an attorney, Alexander Granovsky, Esquire, and that Mr. Granovsky failed to enter an appearance and defend them in this matter.

The Vic Defendants filed their petition to strike and/or open the default judgment only after they were served with a writ of execution. Prior to being served with the writ of execution, they completely failed to respond to all other correspondences forwarded to their corporate address in relationship to this matter. For example, the Plaintiffs provided proof that on April 16, 2015, they forwarded a ten (10) day notice of intent to take a default judgment to Vic's Autohouse. They also forwarded a copy of the praecipe for entry of default that was filed against Vic's Autohouse on May 5, 2015. The Plaintiffs then provided proof that on May 8, 2015, they forwarded a ten (10) day notice of intent to take a default judgment to Vic Auto Tag Place, and that on June 16, 2015, they forwarded a copy of the praecipe for entry of default judgment to Vic

2

Auto Tag Place. Official notice of court events and the assessment of damage hearing before this Court were also forwarded to the corporate address maintained by the Vic Defendants.

## II.    Facts:

The Plaintiff, Jorge Christian, was involved in motor vehicle accident with an individual named David Lynn White on September 25, 2014 in Philadelphia, Pennsylvania. The vehicle was alleged to have been owned by the Defendant, Stacy Mangiaruga. Defendant, Stacy Mangiaruga, was alleged to have been a customer of the Vic Defendants. It is alleged that David Lynn White was employed by the Vic Defendants and was operating Ms. Mangiaruga's vehicle on their behalf.

## III.    Issues:

In their 1925(b) statement of matters complained of on appeal, the Vic Defendants argued that they were entitled to relief and raised two (2) issues:

1.     Whether the trial court erred in refusing to strike the default judgment entered against Defendant, Vic['s] Autohouse, Inc. on May 5, 2015 due to a defect in service of process and defendant, Vic's Autohouse, Inc. was not properly served with the Complaint pursuant to the Pennsylvania Rules of Civil Procedure 424 as service was not effectuated on an executive officer, partner or trustee of the corporation or similar entity, or manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or agent authorized by the corporation or similar entity in writing to receive service of process for it...

2.     Whether the Trial Court erred in refusing to open the default judgment entered ... against Defendant, Vic's Autohouse, Inc., on May 5, 2015 and against Vic Auto Tag Place, LLC on June 16, 2015 where defendants' had a reasonable explanation for failing to respond to the complaint; the petition to open the default judgment was timely filed and defendants' had meritorious defenses to plaintiff's claims.

3

## IV. <u>Discussion</u>:

A. *<u>The Petition to Open the Default Judgment Filed by the Defendant, Vic's Autohouse, Inc., is Without Merit</u>*:

Vic's Autohouse made a fatally flawed argument in its petition to strike when it argued that Natallia Darashenka was not authorized to accept service of process for Vic's Autohouse. Pennsylvania Rule of Civil 424(2) reads in relevant part:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action ... (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity.

Pursuant to Pennsylvania Rule of Civil Procedure 424(2), service of original process on a corporate entity may be effectuated by, *inter alia*, handling a copy of the complaint to "the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity." (Pa. R.C.P. 424(2).) Service on a "person for the time being in charge" is proper when there is "a sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice of the action against it." *Cintas Corporation v. Lee's Cleaning Service, Inc.*, 549 Pa. 84, 700 A.2d 915 (1997) (finding that service of process upon a receptionist was proper because she was in control of the defendant's place of business for the time being). In the absence of fraud, a return of service that is full and complete on its face is conclusive proof of service. The Superior Court has also found that service of process made on a receptionist in the defendant's office was proper when the receptionist had represented to the process server that she was the person in charge. *Hopkinson v. Hopkinson*, 323 Pa. Super 404, 470 A.2d 981 (1984) *overruled on other grounds, Sonder v. Sonder*, 378 Pa. Super. 474, 549 A.2d 155 (1988).

4

In the case *sub judice*, Vic's Autohouse was served at its office and regular place of business located at 10100 Bustleton Avenue, Philadelphia, Pennsylvania. The affidavit of service indicates that a copy of the complaint was handed to Natallia Darashenka who represented to the service process server that she was the person in charge of the Vic Defendants' office and regular place of business. There was absolutely no dispute as to the fact that the Vic Defendants were registered and operated a business at 10100 Bustleton Avenue. In fact, both Vic's Autohouse and Vic Auto Tag Place were interrelated businesses functioning from 10100 Bustleton Avenue. If Ms. Darashenka received notice of suit for Vic Auto Tag Place, the logical conclusion would be that she also received service of process for Vic's Autohouse. Ms. Darashenka admits that she was in the office at 10100 Bustleton Avenue where both businesses were registered to operate. There was a sufficient connection between Ms. Darashenka and both businesses to demonstrate that service of process was reasonably calculated to give Vic's Autohouse notice of the action against it.[1] *Cintas Corporation v. Lee's Cleaning Service, Inc.*, 549 Pa. 84, 700 A.2d 915 (1997) (stating that there must be a sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice of the action against it).

B.      *Petition to Open Default Judgment filed by the Vic Defendants*:

The petition to open the default judgment filed by the Vic Defendants was denied because the issues raised therein were without merit. On the issue of petitions to open judgments, the Superior Court has written, "It is well established that a petition to open a judgment is an appeal to the equitable powers of the courts, and absent an error of law or a clear,

---

[1] Ms. Darashenka averred that she was the sole owner (member) of Vic Auto Tag Place. She further averred that she had no interest in Vic's Autohouse which was operated by her ex-husband from the same address as Vic Auto Tag Place.

5

manifest abuse of discretion, [it] will not be disturbed on appeal." *Rounsley v. D.C. Ventre & Sons, Inc.*, 361 Pa. Super. 253, 522 A.2d 569, 571 (1987). An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable as shown by the evidence or the record, discretion is abused. *Flynn v. America West Airlines*, 1999 Pa. Super. 296, 742 A.2d 695 (1999).

Pennsylvania Courts use a tripartite balancing test when determining whether to open a default judgment. The test is whether: (1) the petition has been promptly filed; (2) the failure to appear can be excused; *and* (3) the proposed complaint or answer states a meritorious defense. *Balk v. Ford Motor Co.* 446 Pa. 137, 140, 285 A.2d 128, 130-131 (1971); *Schultz v. Erie Insurance Exchange*, 505 Pa. 90, 477 A.2d 471 (1984). Significantly, "[t]o succeed, the petitioner must meet all three requirements. In other words, if the petitioner fails to meet even one requirement for opening the default judgment, the court can deny relief without even considering arguments made with regard to the two other requirements." *Flynn v. American West Airlines*, 742 A.2d 695 (Pa. Super. 1999), *Keystone Boiler Works, Inc. v. Combustion & Energy Corp.*, 439 A.2d 792 (Pa. Super. 1982), and *Smith v. Tonon*, 331 A.2d 662 (Pa. Super. 1974).

1.    *Promptly Filed*:

The Vic Defendants failed to promptly file their petition to open the default judgment. There is no bright line test as to when a petition to open must be filed to qualify as promptly filed. However, delays of less than one month from the date that the default judgment is entered are typically considered prompt while delays of over thirty (30) days are considered untimely and late. *See Allegheny Hydro v. American Line Builders, Inc.*, 722 A.2d 189, 194 (Pa. Super. 1998); *Pappas v. Stefan*, 451 Pa. 354 (1973); *Quatrochi v. Gaiters*, 251 Pa. Super. 115, 380 A.2d

6

404 (1977); and *Schutte v. Valley Bargain Center, Inc.*, 248 Pa. Super. 532, 375 A.2d 368 (1977).

In this instance, the Vic Defendants filed their petition to open the default judgment on June 10, 2016 roughly one year after the default judgments were entered in May and June of 2015. The Vic Defendants simply failed to offer a credible excuse for this year long delay in seeking to open the default judgments that had been entered against them. They averred lack of knowledge and unawareness of the pending legal action; however, this excuse defies logical analysis.

As previously discussed, the Vic Defendants were sent numerous correspondences in relationship to this litigation. The Plaintiff forwarded notices of intent to take the default judgments, copies of the praecipes to enter the default judgments, and other correspondences in relationship to this litigation. This Court also forwarded official notice of assessment of damages hearing and other court events. In fact, Ms. Darashenka averred that in response to these correspondences and notices she alleged to have sought advice of counsel thereby retaining Mr. Granovsky to represent the Defendant, Vic Auto Tag Place. Despite these facts, it was not until the Plaintiffs began collection efforts and began to execute on their judgment that the Vic Defendants began to actively litigate this matter by filing their petition to open the default judgments.

2.    *The Vic Defendants' Failure to Appear Cannot be Excused*:

The Vic Defendants offered no valid excuse for their failure to enter an appearance and failure to respond to the allegations leveled against them in this litigation. With specific reference to Vic's Autohouse, it argued that service of process was improper and that it did not receive a copy of the complaint. It argued that its failure to enter an appearance could be

7

excused because it knew nothing of the pending litigation. With specific reference to Vic Auto Tag Place, Ms. Darashenka averred that she retained counsel and consulted with attorney Alexander Granovsky, Esquire. Ms. Darashenka argued that Mr. Granovsky failed to enter an appearance or actively defend this matter on behalf of Vic Auto Tag Place.

Any argument based on lack of knowledge or unawareness of this pending litigation made by either of the Vic Defendants would simply be insufficient to excuse their failure to enter an appearance and defend in this matter. As previously discussed, Ms. Darashenka accepted service of process while she was operating the Vic Defendants' business at 10100 Bustleton Avenue, and numerous notices pertaining to this litigation were sent to the Vic Defendants' corporate address. The argument made by Vic Auto Tag Place that it sought advice of counsel is equally unpersuasive. This matter is not a legal malpractice case and any alleged legal malpractice is not before this Court. The Defendant, Vic Auto Tag Place, claimed that it sought the assistance of Mr. Granovsky to protect its rights. Any alleged failure to enter an appearance and provide a defense is between Mr. Granovsky and Vic Auto Tag Place.

3.     *Meritorious Defense:*

With regard to the meritorious defense prong of the tripartite balancing test, it is not enough for a petitioner to simply aver that a meritorious defense exists. *Telles v. Rose-Tex*, 335 A.2d 440, 442-443 (1975). The Superior Court has written, "Our courts have held that [t]he petition to open must not only allege a meritorious defense, but such defense must be set forth in precise, specific, clear and unmistaken terms." *Id.*

The Vic Defendants averred, what was at best, an extremely dubious defense. Critical in the analysis of this defense was the fact that they waited almost two (2) year from the date of the accident to come forward with their denial of any involvement. The Vic Defendants denied that

8

they ever had a customer named Stacey Mangiaruga or that they employed David Lynn White. The Petitioners should have come forward and raised this defense during the pleading stages of this litigation; not by post-judgment petition to strike and/or open the default judgment.

## V.    Conclusion:

For the above reasons, this Court denied the petition to strike and/or open the default judgment file by the Defendants.

By the Court:

_____
Judge John M. Younge

9